LARKIN et al. v. PRUETT LUMBER CO.
(No. 921.)

(Court of Civil Appeals of Texas. El Paso.
Feb. 20, 1919.)

1. SCHOOLS AND SCHOOL DISTRICTS ⬦81(2)—
MUNICIPAL CONTRACTS—LIABILITY OF SURE-
TIES.

Acts 34th Leg. c. 143, § 2 (Vernon's Ann.
Civ. St. Supp. 1918, art. 5623a), does not relate
to bonds given in accordance with requirements
of Acts 33d Leg. c. 99 (Vernon's Sayles' Ann.
Civ. St. 1914, arts. 6394f–6394j), and sureties
upon bond of contractor constructing school
building for school district were discharged,
where school district failed to retain 20 per
cent. of contract price for 30 days, as required
by building contract.

2. STATUTES ⬦181(1) — CONSTRUCTION — IN-
TENT.

Although it is plain duty of courts in con-
struing statutes to give effect to intent of law-
making power and seek for that intent in every
legitimate way, there is no room for construc-
tion when intention of Legislature is so appar-
ent from face of statute that there can be no
question as to its meaning.

Appeal from District Court, Ward County;
Chas. Gibbs, Judge.

Suit by the Pruett Lumber Company
against H. J. Larkin, G. W. Tom, and F. O.
Aiken. From a judgment in favor of plain-
tiff, Tom and Aiken appeal. Affirmed as to
Larkin, and reversed and rendered in favor
of Tom and Aiken.

S. W. Pratt, of Stanton, and Jno. B. How-
ard and Clay Cooke, of Pecos, for appellants.
J. E. Starley, of Ranger, and J. A. Drane
and W. A. Hudson, both of Pecos, for appel-
lee.

Statement of Case.

HIGGINS, J. On July 17, 1916, H. J.
Larkin, contractor, entered into a written
contract with common school district No. 1,
of Barstow, Tex., owner, whereby the con-
tractor agreed to construct and complete a
school building. The owner agreed to pay
the contractor $15,240 on certificates of the
superintendent from time to time as the work
progressed, to wit, 80 per cent. of the esti-
mated value of the same, estimated upon ma-
terial furnished and labor performed, pay-
ments to be made every 15 days. It was pro-
vided in the contract that 20 per cent. of the
contract price was to be held by the owner
as security for the faithful completion of the
work and to be applied under the direction
of the architects in the liquidation of any
damages under the contract, also furnishing
to the owner a release from any lien or right
of lien. It was also provided that 10 per
cent. of the contract price was to be retained
by the owner for 30 days, as required by

law for the protection of labor. To secure
the performance of this contract, Larkin gave
a bond in the sum of $7,500, payable to com-
mon school district No. 1, Ward county, Tex.,
as well as to all persons who might furnish
labor or material on the contract mentioned.
The bond expressly provided that it was
made for the use and benefit of all persons
who might furnish labor or material on said
contract. The bond was signed by G. W.
Tom and F. O. Aiken as sureties. Larkin en-
tered upon the performance of his contract,
and it seems that in large measure complet-
ed the construction of the building, but did
not entirely complete the same, and the own-
er was obliged to complete its construction.
While in the performance of his contract,
Larkin drew more than 80 per cent. of the
contract price as provided in the contract,
and that the owner failed to retain 20 per
cent. of the contract price until the com-
pletion of the building. The Pruett Lumber
Company, appellee, furnished Larkin materi-
al for use in construction of the building.
On December 18, 1917, appellee filed this suit
against Larkin, Tom, and Aiken to recover
a balance of $1,250.83, due for material fur-
nished in the construction of the building,
and upon trial before the court without a
jury recovered judgment as prayed for. From
this judgment, the sureties, Tom and Aiken,
prosecute this appeal.

Opinion.

Appellant presents eight assignments of er-
ror, but under our view of the case, it is
necessary to consider the eighth assignment
only, which presents the proposition that the
sureties were released by reason of the fail-
ure of the owner to retain 20 per cent. of the
contract price, in accordance with the terms
of the contract.

In Bullard v. Norton, 107 Tex. 571, 182 S.
W. 668, Norton brought suit upon a con-
tractor's bond, and it was there held that the
sureties upon the bond were discharged be-
cause the owner had failed to retain 20 per
cent. of the contract price for 30 days, as was
required by the building contract. Under the
authority of that case and of other cases in
this state of like nature, it must be held that
the sureties, Tom and Aiken, are not liable to
the appellee herein, unless there be merit
in the contention of appellee that the rule
announced in the case cited has been chang-
ed by the provisions of section 2, c. 143, Acts
34th Legislature, Regular Session, p. 223
(Vernon's Ann. Civ. St. Supp. 1918, art.
5623a). By an act of the Thirty-Third Leg-
islature, passed at its regular session (chap-
ter 99, p. 185 [Vernon's Sayles' Ann. Civ. St.
1914, arts. 6394f–6394j]), it was provided that
any person or persons, firm or corporation,
entering into a formal contract with this
state or its counties or school districts or

---

⬦For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

other subdivisions thereof, or any municipality therein for the construction of any public building or the prosecution and completion of any public work shall be required, before commencing such work, to execute the usual penal bond with good and sufficient sureties, with the additional obligation that such contractor or contractors shall promptly make payments to all persons supplying him or them with labor and materials in the prosecution of the work provided for in such contract. This act further provides that any person, company, or corporation who has furnished labor or materials used in the construction or repair of any public building or public work, and payment for which has not been made, shall have the right to intervene and be made a party to any action instituted by the state or any municipality, on the bond of the contractor, and to have their rights and claims adjudicated in such action and judgment rendered thereon. If no suit is brought by the state or municipality within six months from the completion and final settlement of the contract, then such person is to be furnished with a copy of the contract and bond upon which such person shall have a right of action for his use and benefit, and may prosecute same to judgment. Other provisions of this act need not be noticed.

It will be noted that this last-mentioned act in no wise relates to the construction of buildings upon which a materialman might fix a lien, but to buildings of a public nature upon which liens cannot be fixed. The act relied upon by appellee amends article 5623, tit. 86, c. 2, of the Revised Statutes, which title and chapter relates to liens of mechanics, contractors, builders, and materialmen, and adds articles 5623a and 5623b to said title and chapter. The act in full reads as follows:

"Section 1. That article 5623, title 86, chapter 2, Revised Civil Statutes of the State of Texas, 1911, be and the same is hereby amended so as to hereafter read as follows:

"Article 5623. Any person, firm or corporation who may furnish any material to or perform any labor for any contractor, subcontractor, building or improvement, or to repair any house, building or improvement, or to construct any railroad, or its properties, by giving written notice to the owner or his agent of such house, building or improvement, or the railroad company, its agent or receiver, of each and every item furnished, and by showing how much there is due and unpaid on each bill of lumber or material furnished, or labor performed, by such person, firm or corporation, or at any time within ninety days after the indebtedness shall have accrued, may fix and secure the lien provided for in this chapter as to the material or labor furnished at the time or subsequent to the giving of the written notice above provided for, by filing in the office of the county clerk of the county in which such property is located, and if it be a railroad company in any county through which its road may pass, an itemized account of his or their claim as

provided in this article, and cause the same to be recorded in a book kept by the county clerk for that purpose. Said owner, railroad company, its agent or receiver, shall cause to be executed a written contract for such erection, repair or improvement, and cause same to be filed with the county clerk of the county where the property is situated, and shall also cause to be executed and filed with said county clerk before the work is begun, a good and sufficient bond by said contractor, conditioned as hereinafter provided; and when said bond and contract shall be so executed and filed, the said owner, railroad company, its agent or receiver, shall in no case be compelled to pay a greater sum for or on account of labor performed, or material, machinery, fixtures or tools furnished, than the price or sum stipulated in the original contract between such owner and contractor.

"Sec. 2. That article 5623a be added to title 86, chapter 2, Revised Civil Statutes of Texas, 1911, to read as follows:

"Article 5623a. The owner, railroad, receiver or his agent shall take from every contractor described in this chapter a good and sufficient bond in the sum of at least the full amount of the contract price, where said contract price is equal to or less than one thousand dollars; three-fourths of the contract price where said contract price exceeds one thousand dollars, but does not exceed five thousand dollars; one-half the contract price where said contract price exceeds five thousand dollars, but does not exceed one hundred thousand dollars; and one-third of the contract price where said contract exceeds one thousand dollars, payable to the said owner, railroad or receiver. The condition of said bond shall be the true and faithful performance of the contract, and the payment of all subcontractors, workmen, laborers, mechanics and furnishers of material by the undertaker, contractor, master mechanic or engineer, the said bond to be made in favor of the owner, subcontractors, workmen, laborers, mechanics and furnishers of material as their interest may appear, all of whom shall have the right to sue upon said bond; and regardless of the provisions or wording of any such bond, said bond shall be construed by the courts, whether so specified or not, to guarantee the true and faithful performance of the contract and the payment of all claims of each and every subcontractor, workman, laborer, mechanic and furnisher of material against the undertaker, contractor, master mechanic or engineer, and it shall guarantee the payment of such claims, regardless of whether or not they are secured by any lien. Suit may be brought on said bond by the owner, subcontractor, workmen, laborers, mechanics and furnishers of materials, or any of them, and they and each of them shall have the right to recover on said bond in the same manner as if the bond were made payable directly to them. Suit on such bond may be brought in the county where the owner resides or where the work is performed, and at any other place provided by law. No change or alteration in the plans, building, construction or method of payment shall in any way avoid or affect the liability on said bond, and the sureties on said bond shall be limited to such defense only as the principal on said bond could make.

"Sec. 3. That article 5623b be added to title 86, chapter 2, Revised Civil Statutes of the State of Texas, 1911, to read as follows:

"Article 5623b. The provisions of articles 5623 and 5623a shall not be construed to deprive or abridge materialmen, artisans, laborers or mechanics of any rights and remedies now given them by law, and by other articles of this chapter and the provisions of said articles 5623 and 5623a shall be cumulative of the other provisions of this chapter.

"Sec. 4. Nothing in this act shall be construed to fix a greater liability against the owner than the price or sum stipulated to be paid in the contract between such owner and contractor."

[1, 2] It will be noted that this act, upon its face, clearly refers to title 86, chapter 2 of the Revised Statutes of 1911. It does not in any wise purport to relate or refer to the act of the Thirty-Third Legislature. That portion of the act of the Thirty-Fourth Legislature relied upon by appellee is the concluding portion of section 2 thereof, which reads:

"No change or alteration in the plans, building, construction or method of payment shall in any way avoid or affect the liability on said bond, and the sureties on said bond shall be limited to such defenses only as the principal on said bond could make."

We do not think that the act of the Thirty-Fourth Legislature relates to bonds given in accordance with the requirements of the act of the Thirty-Third Legislature. The caption of the act of the Thirty-Fourth Legislature and the act itself plainly shows that it related to the bond required to be given in the second section of the act, and did not relate to bonds which might be given under other statutory provisions. The particular portion of the act relied upon by appellee refers to "said bond," and "said bond" is the bond mentioned in the preceding portion of section 2. The third section of the act says that it is cumulative of the other provisions of this chapter, which seems to indicate that it was not to be regarded as cumulative of provisions of law not contained in that chapter. We need not discuss the various rules of statutory interpretation invoked by appellee in support of the contention that it was the intention of the Thirty-Fourth Legislature to embrace within the scope of the act a bond of the nature here considered. It is, of course, the plain duty of the courts, in construing statutes, to give effect to the intent of the lawmaking power and seek for that intent in every legitimate way, but when the intention of the Legislature is so apparent from the face of the statute that there can be no question as to its meaning, there is no room for construction. It is not allowable to interpret what has no need of interpretation. The language of the Thirty-Fourth Legislature, it seems to us, plainly, clearly, and distinctly shows that an amend-ment to title 86, c. 2, of the Revised Statutes was intended, and the scope of the statute cannot be extended by judicial interpretation so as to include a bond given under another provision of law. The letting of contracts for public buildings and requirements of bonds therefor and the manner of action upon such bonds are regulated by the act of the Thirty-Third Legislature. From the language of the act of the Thirty-Fourth Legislature, it seems clear that it does not relate to a bond given under the act of the Thirty-Third Legislature. This being true, the failure of the owner to retain the 20 per cent. of the contract price as provided by the contract released the sureties.

Affirmed as to Larkin; reversed and here rendered in favor of Tom and Aiken.