938

**NEBLETT v. SLOSSON et al.**
**No. 12107.**

Court of Civil Appeals of Texas. Galveston.
Oct. 13, 1949.

Rehearing Denied Nov. 3, 1949.

Robert L. Sonfield, of Houston, for appellant.

Lewis Fogle and Howard S. Hoover, both of Houston, for appellees.

GRAVES, Justice.

This was an action of trespass to try title between W. P. Neblett, as plaintiff and cross-defendant (appellant here), and Preston William Slosson, as defendant and cross-plaintiff (appellee here), involving the title to Block 37, of the Collins Addition to the City of Houston, N.S.B.B., in Harris County, Texas. There had been a severance as to all of the properties originally sued for, and as to all other original parties defendant, except Mrs. Erma L. Brokaw, executrix, and Lewis Fogle, both of whom disclaimed any interest in Block 37. W. D. Miller, County Clerk of Harris County, was a party as stakeholder of monies awarded in a previous condemnation of a part of the Block for highway purposes.

On the trial without a jury, the Court found that the Sheriff's deed to Betty W.

Miller, through whom appellant deraigns his claim of title, was void, because of the manner in which the sale to her was made, and that appellant, Neblett, had actual knowledge of a prior deed from Mrs. Miller to E. E. Slosson, appellee's father, through whom he deraigned his title, there being no intervening purchaser for value without notice.

It was stipulated that Edwin E. Slosson was the common source of title, and that, upon his death, his estate passed by will to his widow, May Preston Slosson, and that, upon her death, her estate passed by her will to Preston William Slosson, appellee.

The foregoing statement of the nature and result below of this cause, taken from the appellee's brief, after careful verification from the record, is adopted as being correct.

There is further quoted and adopted from the trial court's judgment this statement of the facts found as determinative of the cause below in the appellee's favor: "That the Sheriff's sale made under execution issued upon the judgment in Cause No. 117,849 entitled Houston Independent School District v. Edwin E. Slosson, et al., rendered by the 61st Judicial Court of Harris County, Texas, on June 19, 1926, was not made in accordance with the terms of said judgment, and that the deed made by the Sheriff in pursuance of said sale to Betty W. Miller, dated November 2, 1926 * * * was and is void and of no effect and conveyed no title to the named Grantee in said deed; that by deed dated January 30, 1929, Betty W. Miller conveyed the property described in said Sheriff's deed to Edwin E. Slosson; that said deed to Edwin E. Slosson was not recorded, but that W. B. Washam, to whom Betty W. Miller executed a deed purporting to convey the property described in the Sheriff's deed by Deed dated February 1, 1935, filed for record February 19, 1935, * * * was not an innocent purchaser, in that, as recited in said deed to him, Betty W. Miller was acting for him and held the property in trust for him, and said W. B. Washam received the consideration recited in the deed to Edwin E. Slosson; and

Plaintiff, W. P. Neblett, to whom W. B. Washam executed a deed of conveyance of the lots described in said Sheriff's deed, dated March 19, 1945, * * * had prior actual notice of said deed of conveyance from Betty W. Miller to said deed to Edwin E. Slosson and had the same in his possession prior to its delivery and knew the contents thereof."

The appellant states some 15 points of error against such judgment so adverse to him below, the material substance of which as an entirety may, it is thought, be stated in these 5 groups:

The first to the fourth, inclusive, urging that the Sheriff's deed to Betty W. Miller, conveying the land herein involved, so dealt with in Cause No. 117,849, and so held therein to have been void, was not subject to such an attack as the trial court herein sustained upon it; because, the judgment in such Cause No. 117,849 could not in this suit be so attacked, as it was, collaterally, but was valid upon its face, and should have been sustained as such, especially as such attack, having been made approximately 17 years after such judgment had been rendered, was barred by the statute of limitations, Art. 5529, Vernon's Ann.Civ.St.

The fifth, sixth, and seventh points contend that the trial court's finding that W. B. Washam, to whom Betty W. Miller had conveyed such property on February 1, 1935, was not an innocent purchaser of the land for value, because there was no showing that such a deed had ever been delivered to and accepted by Washam as the grantee therein, or that Betty W. Miller, as the grantor therein, had ever intended thereby to convey such property to him, hence such purported deed, therefore, was ineffectual and void.

The eighth and ninth presentments, urging that there was no evidence, or at least insufficient evidence, to sustain the trial court's finding that appellant, to whom W. B. Washam executed a deed conveying the property on March 19th of 1945, had prior actual notice of such deed from Betty W. Miller to Edwin E. Slosson, and also had the same in his possession prior

to its delivery and knew the contents thereof; because, appellant was shown to have then been a bona fide purchaser of such property, hence he had been entitled to a judgment so awarding the title thereto to him.

The tenth, eleventh, and twelfth presentments, contending that the court erred in admitting, over appellant's objections, these three items of evidence: 1. A letter of February 27, 1929, from appellant to Fogle & Gentry; 2. The original petition in Cause No. 148,257, in the District Court of Harris County, styled Edwin E. Slosson v. Betty Williams; 3. A check dated February 28, 1929, for the amount of $87.98, from Fogle & Gentry to Betty W. Miller.

The thirteenth assignment, complaining of the court's having allowed the appellee to recover from W. D. Miller, County Clerk, the sum of $1125, held in the latter's possession as the result of the condemnation suit theretofore prosecuted for the property here involved.

None of appellant's points, it is determined, should be sustained. Obviously, it is thought, none of those which attacked the findings of fact so recited from the court's judgment can be upheld, as against all the presumptions obtaining in favor of its decree; and further, because appellant has accomplished no impeachment whatever of the verity and binding character of all those recitations; indeed, this Court, after looking through the evidence itself, as reflected in the statement of facts brought up with the record, finds each and all of the court's stated findings of facts to have been amply supported.

■ In other words, the facts here do not present an instance of there having been a judgment—valid upon its face—which the trial court held to be void by collateral attack thereon, and without evidence actually indicating its invalidity, as appellant's major position upon this appeal gets down to; rather, as the appealed-from judgment herein plainly recites upon its face (inclusive of its express findings of the facts upon which it rested) the trial court did not declare the former judg-

ment void at all, but only that the Sheriff's deed, through which he made the purported sale of the property here involved to Betty W. Miller, had not been made in accordance with the terms of the judgment out of which it purported to issue; and the validity of such sale had been attacked by the appellee herein directly, and under what has already been held to have been sufficient evidence.

Moreover, the record shows that much of such evidence came through the appellant himself, and his witnesses.

■ In fact, and under the trial court's findings and the evidence the record discloses supporting them, the purported sale by the Sheriff to Betty W. Miller was little more, if any, in effect, than a private sale not made at the time, or place, or in the manner required, by law. Hence, under well-settled authorities it was void. Howard v. North, 5 Tex. 290, 51 Am.Dec. 769; 10 R.C.L. 1299; 10 R.C.L. 1095; Moody v. Moeller, 72 Tex. 635, 10 S.W. 727, 13 Am.St.Rep. 839.

■ Nor is there any missing link concerning the delivery of the deed from Betty W. Miller, conveying the property herein to Edwin E. Slosson; because, the trial court found, presumptively at least, and the evidence clearly showed, that such deed had been delivered to Fogle & Gentry as attorneys for the grantee, Edwin E. Slosson, which constituted delivery to the grantee himself.

■ The trial court's further specific findings to the effect that W. B. Washam, to whom Betty W. Miller had so attempted to convey this property, and likewise the appellant, to whom Washam, in turn, undertook to convey it, had neither been an innocent purchaser for value, were not only not properly attacked, but were further shown to have been amply supported by the evidence.

■ The trial was before the court without a jury, and if there was any procedural error of the court in the admission of the letters and papers, of which appellant complains, they were not of such character as to have caused, or tend-

ed to cause, the rendition of an improper judgment herein. Rule 434, Texas Rules of Civil Procedure.

■ As to the trial court's disposition of the $1125 fund held in custodia legis by the county clerk, it is plain that the right to such funds followed the title to the property, hence under the court's judgment, as well as the evidence shown, both presumptively and actually, to have supported the same, no other judgment could have been properly rendered than to award that fund to the appellee.

These conclusions require an affirmance of the judgment. It will be so ordered.

Affirmed.