MARKS et ux v. CALCASIEU LUMBER CO.

No. 10014.

Court of Civil Appeals of Texas. Austin.

Jan. 23, 1952.

Rehearing Denied Feb. 13, 1952.

W. R. Smith, Jr., Austin, for appellants.

Hart, Brown & Sparks by Jack Sparks, Austin, for appellee.

ARCHER, Chief Justice.

Appellee sued the appellants to foreclose a materialman's lien on Lot No. 15, in Block No. 6, in Edgemont Addition in the City of Austin, Travis County, Texas, known as 1508 Northwood Road, alleging that on or about July 20, 1947, E. A. Anderson, entered into a verbal contract with plaintiff, whereby plaintiff was to furnish certain materials to be used in the construction of a house on the above described

real property, and between the dates of July 20, 1947, and November 20, 1947, plaintiff furnished materials which were accepted by Anderson who used the same, and promised to pay to plaintiff the sum of $2,135.64 therefor, but has failed to pay said sum. That the last delivery was made on November 20, 1947, on which date the indebtedness accrued. On March 10, 1948, plaintiff filed with the County Clerk of Travis County a verified itemized account of its claim.

There is a stipulation that the materials were contracted for and received by Anderson and that the sum claimed is reasonable and unpaid.

The appellants claim that the property was the homestead of E. A. Anderson and wife and was purchased for such purpose and further no statutory lien has been acquired as provided by law, and that appellants had no notice, actual or constructive, of any claim of appellee at the time that they bought the property.

The appeal is based on six assignments to the effect that the Court erred in sustaining the objection to the testimony that the Andersons acquired the property with the intention of occupying it as their homestead, and in finding the property was not such homestead, and rendering judgment, and fixing a lien and foreclosing such lien, and in rendering the judgment because the improvements were completed on November 27, 1947, and the lien was not filed until March 10, 1948, and during such interim the property was sold to L. L. McCandless, who subsequently conveyed the property to the appellants herein; and that it was error for the Court to render judgment on the theory that under Vernon's Ann.Civ.St. Articles 5452 and 5453 an original contractor could establish a lien by filing an affidavit to his itemized account with the County Clerk and that such articles give a lien only to an original contractor when he shall have filed his contract with the County Clerk; and if otherwise, then the law is unconstitutional.

The appellee has made six counter points and are that appellee was an original contractor and had four months in which to file its materialman's lien, and that

its lien was superior to any asserted by appellants, and its lien may be established by filing it with the County Clerk, and that the property was not the homestead of the Andersons at the time he entered into the contract, and appellee had a valid lien and that appellants are estopped to assert that the real property was his homestead at the time he entered into the contract, and that the Court was not in error in sustaining the objection to the question of whether or not Anderson acquired the property with intention of occupying it as a homestead, or in any event not reversible error.

The principal issue to be decided is whether or not the property involved was the homestead of E. A. Anderson and his family at the time the agreement was entered into. The burden of proving when the homestead character attached to the property was on the appellants.

The testimony of witness Daggett is that he knew Anderson; that he saw him almost every afternoon; that he first built a garage, then the house; that he moved into the garage; that the garage was built about June or July; that Anderson moved into the garage in the latter part of June.

W. D. Craig, Jr., testified that Anderson and his wife were living in the garage. Charles M. Morrison, witness for appellants, testified that Anderson was building a house close to his house; that Anderson moved into the back, and that Anderson said he would move into the house when he got his house finished; that he was building the house for his home.

None of the witnesses testified concerning the usage of the property on July 20, 1947, and prior thereto, as a homestead by Anderson, except witness Daggett, whose testimony is apparently based on a mistake, because Anderson had not purchased the Northwood Road property in June, and was living on the Mohle Drive property which he did not sell until July 11, 1947. None of the materials were contracted for or delivery begun until subsequent to July 21, 1947.

The testimony of Anderson is that he sold the Mohle Drive property on July 10,

1947, and moved to the property involved on September 1, 1947, and lived in the garage, and also occupied a portion of the residence and sold the property to Mc-Candless on January 16, 1948.

■ By deposition Anderson sought to testify that when he purchased the property he intended to use it as a homestead, and objection was sustained to the questions. While this evidence may have been admissible, but in view of the other testimony as to the agreement to buy the materials, the date delivery was begun, the lack or failure of any overt visible use of the property as a homestead; and the further fact that Mr. Anderson had designated the Mohle Drive property as his homestead by an instrument dated June 4, 1947, but not acknowledged until July 26, 1947, and not filed for record until July 28, 1947. We do not believe such testimony, if admitted to be material, and the action of the Court does not constitute reversible error. Anderson's claim of homestead was not available against the claims of the appellee. North East Texas Motor Lines v. Dickson, 148 Tex. 35, 219 S.W.2d 795, 796, 11 A.L.R.2d 1065.

■ The appellants having pleaded certain defenses, the burden was on them to establish such defenses. Evans v. Galbraith-Foxworth Lumber Co., Tex.Civ. App., 51 S.W.2d 831, error dism.

■ The evidence is not sufficient to show that the property involved in this case was Anderson's homestead on July 20, 1947, the date of the verbal contract, or on the date appellee began furnishing the materials.

■ Then too, the evidence must be considered in the light most favorable to the judgment, disregarding all adverse evidence and indulging every legitimate conclusion which tends to support the judgment. Construction & General Labor Union Local No. 688 v. Stephenson, 148 Tex. 434, 225 S.W.2d 958; Athans v. Rossi, Tex.Civ.App., 240 S.W.2d 492.

This Court recently held in Blackburn v. Temple National Bank, Tex.Civ.App., 216 S.W.2d 233, error ref. n. r. e., that the existence or nonexistence of homestead rights are determined as of the date of the execution of the contract.

The defendants filed a general denial, and denied that plaintiff had a valid materialman's lien, on the theory that the land was Anderson's homestead, and that the lien had not been filed within the time fixed by law. Defendants further pleaded two written mechanic's lien contracts, executed by Anderson and wife, as owners and by Funderburgh as contractor, as the only valid liens in existence and that they were bona fide purchasers and had no notice of plaintiff's lien or claim. In its supplemental petition, appellee denied the allegations in appellants' answer that the property was vacant, and that Anderson was residing at another address and that the mechanic lien contracts were shams and devices and were not placed of record until after Anderson had entered into the said verbal agreement, and that McCandless and appellants had actual and constructive notice of its claim at the time the property was conveyed to them.

E. A. Anderson was a general contractor and built a number of houses during 1946 and 1947, and purchased materials from appellee for his use; and in July, 1947, Anderson owned several tracts of land and was building six or more houses, one of which was the one in controversy, dealing directly with appellee.

Anderson designated the property on which he was residing as his homestead by instrument dated June 4, 1947, acknowledged July 26, 1947, and filed for record July 28, 1947. The Andersons moved from the Mohle Drive property to an address on Hollywood Street some two weeks after appellee had begun making deliveries of materials to the building site at the Northwood Road property.

■ We believe that the appellee was an original contractor and had four months in which to file its materialman's lien. There is no question but what Anderson dealt directly with the lumber company in the purchase of the materials. 29 Tex. Jur. 470, Sec. 11, 474, Sec. 14.

In Whiteselle v. Texas Loan Agency, Tex.Civ.App., 27 S.W. 309, 312, 313, error refused, the Court said:

"When a person contracts with the owner to furnish material for the building or improvement on premises, and there is no contractor intervening between them, such person is an original contractor, within the meaning of the statute, and has four months within which to fix his lien, by filing, etc. * * *

"It is further contended that, if appellants are to be considered as original contractors, they could only fix their lien by filing a contract in writing. The lien is given by the constitution, regardless of the character of the contract,—whether in writing or verbal * * *."

In the case of Oil Field Salvage Co. v. Simon, 140 Tex. 456, 168 S.W.2d 848, Judge Sharp quotes the provisions of Article 5453, Revised Civil Statutes of Texas, dealing with original contractors, and on page 852 of 168 S.W.2d, states the law of Texas to be as follows: "The term 'original contractor' used in the statute means a person furnishing material directly to the owner, and such person has four months in which to file his affidavit and claim. 29 Tex.Jur., p. 536, § 66. And it is immaterial whether the contract for material was verbal or in writing. 29 Tex. Jur., p. 537, § 66."

Since we have held that appellee was an original contractor and had four months to file its lien, it follows that such lien is superior to any claims asserted by appellants.

The last delivery of materials was made on November 20, 1947, but the improvements had not been completed at the time the property was conveyed to L. L. McCandless. Mr. McCandless had inspected the property in November and December while it was under construction, and withheld part of the purchase money at the time he took a deed to the property and knew of the unpaid bills, and the affidavit made by Anderson that there were no unpaid bills was for McCandless as a convenience to him.

The appellants were under the duty at the time they purchased the property, the improvements on which were but newly constructed, to determine whether or not there were any outstanding materialmen's or mechanic's liens against the property.

In Tomlinson v. Higginbotham Brothers & Co., Tex.Civ.App., 229 S.W.2d 920, 921, the Court held: " * * * The Statutes and Constitution gives to all persons who furnish material and labor in the construction of a building a lien upon the lands and the buildings to secure payment therefor. Tomlinson was charged with notice of such liens. This is true even though plaintiffs at that time had not attempted to fix their liens by filing affidavits in the office of the County Clerk as required by the statute. Vernon's Ann.Civ.St. art. 5452 et seq. The law is well settled that while a building is under construction, any person who takes a mortgage thereon does so with notice of any mechanics' or materialmen's liens. It is his duty to make inquiry as to whether or not labor has been performed or material furnished within the statutory period for filing liens for which payment has not been made. Tomlinson made no such investigation. He apparently relied solely on the affidavit made by one of the Fields. He made no inquiry of the people who furnished the material and labor on the house. He did not talk to the man who was working on the house at the time he inspected it. 'In law whatever fairly puts a person on inquiry is sufficient notice, where the means of knowledge are at hand, which if pursued by the proper inquiry the full truth might have been ascertained. Means of knowledge with the duty of using them are in equity equivalent to knowledge itself.' "

There is no testimony as to what Mr. Marks did, if anything, in ascertaining the facts in connection with outstanding claims as was his duty, since he was charged with the knowledge that someone had furnished the materials for the house. Denny v. Whitehouse Lumber Co., Tex.Com.App., 54 S.W.2d 86.

The judgment of the trial court is affirmed.

Affirmed.