**E. W. HANDY et al., Appellants,**

**v.**

**Burke HOLMAN, County Attorney, et al., Appellees.**

**No. 12880.**

Court of Civil Appeals of Texas.

Galveston.

June 16, 1955.

Rehearing Denied July 7, 1955.

Paul A. Taylor and Pat N. Fahey, Houston, for appellants.

Vinson, Elkins, Weems & Searls and Victor W. Bouldin, Houston, for appellees.

CODY, Justice.

This was an election contest brought to invalidate the declared results of a bond election held in Tom Ball Independent School District, Harris County, on June 26, 1954. The Court, trying the case without a jury, held the declared results of the election valid, and rendered judgment that contestants "take nothing." The contestants, hereafter called appellants, predicate this appeal upon the following four points: That the trial court erred (1) in holding as qualified to vote forty-odd persons who had not duly rendered their property for taxes as required by the Constitution and laws of the State, and (2) in holding that persons who had merely rendered $100 in value of "Personal Property" without other description thereof in May and June before the election on June 26, 1954, had duly rendered property for taxes, and (3) in not requiring witnesses who voted in said election to testify as to how they voted, and (4) in rendering judgment that appellants "take nothing." We overrule the points.

It is the position of appellants that the rendition by appellees of "personal property" of the value of $100, giving no more definite description was not a due rendition of property for taxes, and did not qualify the person making such rendition to vote in a bond election. It is provided in Art. VI, § 3a of our State Constitution, Vernon's Ann. St., so far as here material, "When an election is held by * * * any defined district now or hereafter to be described and defined within the State and which may or may not include towns * * * for the purpose of issuing bonds * * * only qualified electors who own taxable property in the State, county * * * district * * * where such election is held, and who have duly rendered the same for taxation, shall be qualified to vote and all electors shall vote in the election precinct of their residence." Art. 5.03 of the Election Code of 1951, V.A.T.S., contains similar provisions. In passing, it might be stated that the Board of Equalization raised each such rendition from $100 to $1,500.

So far as the provisions of aforesaid Art. VI, § 3a, and of aforesaid Art. 5.03, requiring qualified electors who own taxable property to have duly rendered same for taxation as a qualification to vote in a bond election, the mere rendition of property for taxation, as so provided for, is all that is required. We assume that, except for other statutes which appellants consider as fastening onto and expanding the restrictions of the aforesaid Section of the Constitution and Article of the Election Code, appellants would not urge that the rendition of "personal property" for taxation was insufficient to qualify the owner to participate in the bond election. Article 7161, V.A.T.S., for instance, provides that each person required by law to list property shall make and sign a verified statement of all property which he is required to list for taxation. Art. 7162 provides what such statement shall set forth. Said statement provides for 42 different

items, none of which is so general as "personal property", and the concluding item provided for is "43. Value of all other property not enumerated above."

We believe upon principle that the right to exercise the franchise stands in a peculiar category, and that where some restriction is placed thereon the doctrine of in pari materia should not be applied to enlarge such restrictions, and that where the qualified voter does what is specifically required of him in order to qualify to vote, that he should not be legalistically "parsed" out of his right to exercise his franchise. The only other instance in which the point has been raised in this State, that the description of property for taxation as merely "personal property" was too indefinite and general to create a tax lien against the owner, was raised before the Beaumont Court of Civil Appeals, and by it disallowed. Howth v. City of Beaumont, Tex.Civ.App., 118 S.W.2d 350, 352. And see Markowsky v. Newman, 134 Tex. 440, 136 S.W.2d 808, as to the purpose of adopting aforesaid Section 3a, Art. VI. See also Federal Crude Oil Co. v. Yount-Lee Oil Co., 122 Tex. 21, 32, 33, 52 S.W.2d 56, holding that time is not of the essence in revenue statutes, and that the provisions as to time in which public officers are required to do things is generally directory. The same principle must apply as to the manner in which a statute provides for things to be done which have the raising of revenue as an end. Art. VI, § 3a, was in effect declared in the Markowsky case to have been in aid of raising revenue. Appellants would infer that the rendition of "personal property" at a valuation of $100 by some forty persons was done for the purpose of qualifying them to vote in the election. However, it has been held that the amount of property rendered, or the motive prompting such rendition, is immaterial in applying Art. VI, § 3a, aforesaid. DuBose v. Ainsworth, Tex.Civ.App., 139 S.W.2d 307, 308. And such matters in and of themselves cannot constitute fraud. Indeed, the desire to qualify to vote in such cases was the motive for adopting said Art. VI § 3a. In a word, the forty-odd persons who ren-

dered "personal property" at a valuation of $100, which was amended to a valuation of $1,500, are bound, and cannot complain of the description. See Republic Ins. Co. v. Highland Park School District, Tex.Civ. App., 123 S.W.2d 784, 793, and authorities there cited. Surely a rendition of "personal property," even by a comparatively large number of persons shortly before a bond election, puts the burden of proof on one contesting such persons' right to vote in a bond election to show that such persons did not have property to render in order to qualify. Proof of such character of renditions will not discharge said burden of proof.

In a proper case the court can order ballot boxes opened and the ballots examined in order to insure the purity of elections. Also a witness may, if called to testify as to how he voted, waive his privilege of keeping that secret. But a court cannot require a witness to waive such privilege. Ex parte Henry, Tex., 126 S.W.2d 1, 2; Wood v. State ex rel. Lee, 133 Tex. 110, 126 S.W.2d 4, 9, 121 A.L.R. 931; State ex rel. Lukovich v. Johnston, 150 Tex. 174, 238 S.W.2d 957, 959.

Appellees are also right in their contention that the burden was on appellants to plead and prove that a different result would have been reached had the ballots of the forty-odd persons, so rendering "personal property", not been counted. Roberts v. Hall, Tex.Civ.App., 167 S.W.2d 621, and cases there cited. And it may be that appellants here technically failed to make such allegations. But it is clear from the trial in this case that appellants assumed that position in the trial of the case. However, since the judgment here will be affirmed, we deem it unnecessary to determine whether appellants failed to allege in their notice of election contest and in their petition that the forty-odd persons who so rendered their property for taxation voted in favor of the bonds.

The judgment should be affirmed, and it is so ordered.

Affirmed.