**Vaughan WOOD, d/b/a Village Carpets, Appellant,**

v.

**Robert W. BARNES, Jr., et al., Appellees.**

**No. 16964.**

Court of Civil Appeals of Texas.

Dallas.

July 28, 1967.

Rehearing Denied Oct. 6, 1967.

John L. Burke, Jr., Dallas, for appellant.

Harold E. Wood, Chancellor & Wood, Dallas, for appellees.

DIXON, Chief Justice.

Appellant Vaughan Wood, doing business as Village Carpets, brought two suits to foreclose mechanic's and materialmen's liens on two separate pieces of property.

One suit was against R. Wayne Patty, Robert Barnes, Jr. and wife, Jeanette Barnes and Mortgage & Trust, Inc.

The other suit was brought against R. Wayne Patty, Everett C. Morgan and wife, Olive M. Morgan, and Dallas Teachers Credit Union.

R. Wayne Patty, developer and builder, owned two lots on each of which he himself as builder constructed a residence. In September 1964 and October 1964 respectively appellant Wood furnished labor and material to Patty, the owner, in the construction of the houses. Patty sold one house to the Barnes, the other to the Morgans.

Mortgage & Trust, Inc. and Dallas Teachers Credit Union loaned money to the purchasers and each held a mortgage to secure payment.

Though he made an affidavit that all bills were paid the truth was that Patty, at the time he sold the houses to the Barnes and the Morgans, still owed Wood $461.91 principal on one house and $1,368.03 on the other.

Well within the 120-day period prescribed by statute, Art. 5453, Sec. 1, Vernon's Ann. Civ.St., but subsequent to the sale of the properties by Patty to the Barnes and Morgans, Wood filed affidavits pursuant to Articles 5453 and 5455, V.A.C.S.* to fix and secure his liens. He sent two copies to Patty, the original owner, as required by statute. At the same time he also sent copies to the Barnes and the Morgans, purchasers from Patty. It is not contended that the purchasers received actual notice of Wood's claim prior to the time they bought the properties, or prior to the time they received actual notice from Wood.

The two suits filed by appellant were consolidated. All parties except Patty filed motions for summary judgment. The mo-tions of appellees were sustained. Those of appellant were overruled. Appellant Wood was granted judgment against Patty for $2,520.59, but was denied foreclosure of his mechanic's and materialmen's liens against the properties sold by Patty to the Barnes and Morgans. Appellant has appealed only from that part of the judgment denying foreclosure.

In his first four points of error appellant asserts in substance that having fully complied with Articles 5453 and 5455, V.A.C.S., he is entitled to judgment foreclosing his liens.

Appellees in their brief present only one ground in support of the court's refusal to foreclose appellant's liens. They do not deny that appellant fully complied with Articles 5453 and 5455, V.A.C.S., but they say that he did not comply with Articles 6626 and 6627, V.A.C.S., in that he did not also have his affidavits acknowledged as well as sworn to before a notary public.

Article 6626 provides that certain named instruments which shall have been acknowledged are authorized to be recorded. Mechanic's and materialmen's liens are not among the instruments specifically named,

---

* The material parts of the two statutes are as follows:

"Art. 5453. [5622–3] Securing lien

"The lien provided for in Article 5452 may be fixed and secured in the following manner:

"1. Every original contractor, not later than one hundred twenty (120) days, * * * after the indebtedness accrues as defined hereinafter in Article 5467, shall file his affidavit claiming a lien, to be recorded in a book kept by the county clerk for that purpose in the office of the county clerk of the county in which such property is located * * * and he shall send to the owner by certified or registered mail, addressed to his last known business or residence address, two (2) copies of such affidavit claiming a lien. The county clerk *shall* index and cross-index *such affidavit* in the names of the claimant, the original contractor and the owner. So long as the claim for a lien has been filed with the county clerk, failure of the county clerk to com-ply with these instructions shall not invalidate the lien." (Emphasis ours.)

"Art. 5455 [5624] [3297] Form of claim

"An affidavit claiming a lien filed for record by any one claiming the benefit of this Act shall be signed by the claimant or by some person on his behalf and shall contain in substance the following:

"a. A sworn statement of his claim, including the amount thereof. A copy of the written agreement or contract, if any, may be attached at the option of the claimant.

"b. The name of the owner or reputed owner, if known.

"c. A general statement of the kind of work done or materials furnished by him, or both. * * *

"d. The name of the person * * * to whom he furnished the materials or labor, and the name of the original contractor.

"e. A description of the property sought to be charged with the lien legally sufficient for identification."

but the statute includes the general statement, " * * * or other instruments of writing concerning any lands * * *." Article 6627 provides that all conveyances of land and mortgages on land shall be void as to all creditors and subsequent purchasers unless they be acknowledged and filed with the clerk. Neither of the above statutes expressly refers to mechanic's and materialmen's liens.

Appellees contend that since appellant's affidavits were not acknowledged they were not legally filed with the County Clerk, hence did not give constructive notice to appellees of appellant's claimed liens. It is their position that they are innocent purchasers without notice and for that reason the court properly denied foreclosure of appellant's alleged liens. We do not agree with appellees.

Art. 5453, V.A.C.S. is explicit, detailed and unambiguous. It sets out very clearly the manner in which a mechanic's and materialmen's lien shall be secured and fixed. It requires the execution and filing of an affidavit " * * *, to be recorded in a book kept by the county clerk for that purpose * * *." It further directs that "The county clerk *shall* index and cross-index such affidavit * * *." (Emphasis ours.) It does not prescribe the execution and filing of an acknowledged instrument. Article 5455 is equally explicit. It prescribes and outlines the form and substance of the affidavit. It does not require an acknowledgment.

■ Art. 5460, V.A.C.S., which provides the manner of fixing a lien against a homestead, does require a written contract which must be acknowledged by the wife. It seems to us that by requiring an acknowledgment in the case of a homestead but omitting such requirement in regard to property not a homestead the Legislature intended that an acknowledgment was not to be required in the latter instance.

If we were to interpret Articles 6626 and 6627, V.A.C.S. to mean that an affidavit for a mechanic's and materialmen's lien *must* be acknowledged as well as sworn to in order to be valid, as appellees contend, then we would be impelled to hold that the above named statutes not being specific or detailed but being general in character as to mechanic's and materialmen's liens (" * * * other instruments of writing concerning land * * *") are in conflict with Articles 5453 and 5455, V.A.C.S. And in case of conflict the latter statutes, being special and detailed statutes relating particularly to mechanic's and materialmen's liens, are to prevail over the general statutes. It will be noted too that Articles 6626 and 6627, V.A.C.S. are in different titles of the statutes and deal with different subjects than Articles 5453 and 5455, V.A.C.S. A mechanic's lien is a creature of the Constitution and the statutes. Handy v. Holman et al., 281 S.W.2d 356 (Tex. Civ.App., Galveston 1955, no writ); Culver v. Miears, 220 S.W.2d 200 (Tex.Civ. App., Eastland 1949, writ ref'd); Real Estate-Land Title & Trust Co. v. Dildy, 92 S.W.2d 318, 323 (Tex.Civ.App., Austin 1936, writ ref'd); Larkin et al. v. Pruett Lbr. Co., 209 S.W. 443 (Tex.Civ.App., El Paso 1919, no writ); Houston v. Myers, 88 Tex. 126, 30 S.W. 912 (1895).

■ It is undisputed that appellant complied in all ways with Articles 5453 and 5455, V.A.C.S. Appellant's affidavits were filed within 120 days. The Barnes and Morgans having purchased the property before the expiration of the 120-day period must take constructive notice of appellant's existing right to file his affidavits. Marks v. Calcasieu Lbr. Co., 245 S.W.2d 749 (Tex.Civ.App., Austin 1952, writ ref'd n. r. e.); Tomlinson v. Higginbotham Bros. & Co. et al., 229 S.W.2d 920 (Tex.Civ. App., Eastland 1950, no writ); Keating Imp. & Mach. Co. v. Marshall Elec. Light & Power Co., 74 Tex. 605, 12 S.W. 489 (1889). The liens, being properly fixed, relate back to the inception of the contract between appellant and Patty. Lubbock Nat'l Bank v. Hinkle, 397 S.W.2d 285 (Tex.Civ.App., Amarillo 1965, writ ref'd

n. r. e.); Oriental Hotel Co. v. Griffiths, 88 Tex. 574, 33 S.W. 652, 30 L.R.A. 765 (1895). We sustain appellant's first four points.

In his fifth point appellant says that he has constitutional mechanic's and materialmen's liens under Art. 16, Sec. 37 of the Constitution of Texas, Vernon's Ann.St., as between the owner and the contractor a constitutional lien is self-executing and is not dependent on compliance with statutes. Continental Radio Co., Inc. v. Continental Bank & Trust Co., 369 S.W.2d 359 (Tex.Civ.App., Houston 1963, writ ref'd n. r. e.); Pierce v. Mays, 277 S.W.2d 155 (Tex.Civ.App., Amarillo 1954, affirmed in part and reversed in part 154 Tex. 487, 281 S.W.2d 79); Warner Elevator Mfg. Co. v. Maverick, 88 Tex. 489, 30 S.W. 437, 31 S.W. 353, 499 (1895). But for the contractor to be protected against the rights of third parties he must either comply with the statute in regard to affidavits for fixing mechanic's and materialmen's liens, thus giving constructive notice to third parties; Newman v. Coker, 310 S.W.2d 354 (Tex.Civ.App., Amarillo 1958, no writ); Black, Sivalls & Bryson v. Operators' Oil & Gas Co., 37 S.W.2d 313 (Tex.Civ.App., Eastland 1931, no writ); De Bruin v. Santo Domingo Land & Irr. Co., 194 S.W. 654 (Tex.Civ.App., San Antonio 1917, writ ref'd); Kinsey v. Spurlin, 102 S.W. 122 (Tex.Civ.App.1907, no writ); or he must give actual notice to third parties within the time prescribed by statute. Stone v. Pitts, 389 S.W.2d 601 (Tex.Civ. App., Waco 1965, no writ); O'Ferral v. Coolidge, 225 S.W.2d 582 (Tex.Civ.App., Texarkana 1950, affirmed 149 Tex. 61, 228 S.W.2d 146); Neblett v. Slosson, 223 S.W.2d 938 (Tex.Civ.App., Galveston 1949, writ ref'd n. r. e.); Farmers Mut. Royalty Syndicate v. Isaacks, 138 S.W.2d 228 (Tex. Civ.App., Amarillo 1940, no writ); Hampshire v. Greeves, 130 S.W. 665 (Tex.Civ. App.1910, affirmed 104 Tex. 620, 143 S.W. 147 (1912)). It is undisputed that in this case appellant complied with Articles 5453 and 5455, V.A.C.S., and he also gave actual notice to the Barnes and the Morgans within the time prescribed in Article 5453. We sustain appellant's fifth point.

Appellant's sixth and seventh points have to do with matters which apparently are no longer in the case, so in the interest of brevity we shall not pass on them.

Since we are of the opinion that appellees' motions for summary judgment should have been overruled and appellant's motions should have been sustained we have concluded that we should reverse the trial court's judgment and render judgment herein. Tobin v. Garcia, 159 Tex. 58, 316 S.W. 2d 396 (1958).

The judgment is reversed and judgment is here rendered foreclosing appellant's mechanic's and materialmen's liens against the properties described in the petitions and the motions for summary judgment.

Reversed and rendered.

## ON REHEARING

In our original opinion we reversed the trial court's judgment and rendered judgment foreclosing appellant's mechanic's and materialmen's liens, including the sum of $450 as attorney's fees. Appellees in their motion for rehearing take issue in general with our judgment holding appellant's liens valid and ordering foreclosure in any amount, but in particular they contend that it was error to include attorney's fees in the judgment of foreclosure.

We agree with appellees. The amount of an attorney's fee may not be included in a judgment of foreclosure of a mechanic's lien unless the parties have entered into a written agreement so providing, or unless there is statute providing for a lien to secure payment of an attorney's fee. 57 C.J.S. Mechanics' Liens § 353, pp. 1037–1038.

Appellant cites Art. 2226, Vernon's Ann.Civ.St., as statutory authority for the allowance of an attorney's fee for labor

done or material furnished. The cited statute does, indeed, make provision for the allowance of a personal judgment for attorney's fee, but it does not provide for a lien to secure payment. And we know of no statutory authority which does provide for such a lien under the circumstances here presented to us.

Appellant also cites us to the case of Lipscomb v. Adamson Lumber Co., 217 S.W. 228, 230–231 (Tex.Civ.App., Dallas 1919, no writ). However, in that case there was a written contract providing for a mechanic's lien to include an amount for attorney's fee. Since the property in question was not a homestead * the court held that there was no objection to including the amount of the attorney's fee in the foreclosure.

There are other cases not involving a homestead in which a foreclosure judgment was held to be proper though it included the amount of an attorney's fee; but in every instance, so far as we have been able to determine, there was a written mechanic's lien contract which provided for attorney's fee. West End Town Co. v. Grigg et al., 93 Tex. 451, 56 S.W. 49 (1900); Summerville v. King, 98 Tex. 332, 83 S.W. 680, 682 (1904); White et ux. v. Dozier Const. Co., 70 S.W.2d 240, 242 (Tex.Civ. App., Austin 1934, no writ); Kleiner v. Eubank, 358 S.W.2d 902, 906 (Tex.Civ. App., Austin 1962, writ ref'd n. r. e.); Zorola v. Bishop & Son, 401 S.W.2d 713, 716 (Tex.Civ.App., San Antonio 1966, writ ref'd n. r. e.). We have not been cited to a case and we know of none which holds that foreclosure of an affidavit mechanic's lien

may include an allowance for an attorney's fee.

We have not found a Texas case exactly in point, but we believe our view finds some support in the following: Hennemuth v. Weatherford, 278 S.W.2d 271, 273 (Tex. Civ.App., Waco 1955, writ ref'd n. r. e.); Galbraith-Foxworth Lumber Co. v. Long, 5 S.W.2d 162, 166 (Tex.Civ.App., Dallas 1928, writ ref'd); Breckenridge City Club v. Hardin, 253 S.W. 873, 876 (Tex.Civ. App., Fort Worth 1923, no writ); D. June & Co. v. Doke, 35 Tex.Civ.App. 240, 80 S. W. 402, 406 (San Antonio 1904, writ ref'd); 38 Tex.Jur.2d 667.

For another reason the judgment for attorney's fee cannot be allowed to stand. We find no evidence in the record in the form of affidavits or otherwise that $450 is a reasonable amount as attorney's fee. In the absence of such evidence the court is not authorized to make a fact finding as to the amount to be allowed as a fee. Great American Reserve Ins. Co. v. Britton, 406 S.W.2d 901, 907 (Tex.Sup., 1966).

The motion for rehearing will be overruled to the extent that the judgment of the trial court is reversed and rendered foreclosing a mechanic's lien for $461.91 principal for material and labor furnished plus 6 per cent interest per annum from December 1, 1964 on the real property sold by Patty to Robert W. Barnes, Jr. and wife, Jeanette R. Barnes, as described in plaintiff's petition; and reversed and rendered foreclosing the mechanic's lien for $1,368.- 03 plus interest from December 3, 1964 at the rate of 6 per cent per annum on the real

---

* The authorities are in agreement that under the Constitution of Texas, Art. 16, Sections 37 and 50, a mechanic's lien against a homestead does not secure and cannot include that part of the judgment allowing attorney's fee even if the written mechanic's lien contract so provides. This is made clear in those cases which allow foreclosure of a written contractual mechanic's lien including an attorney's fee against property not a homestead. See also Stricklin v. Southwestern Re- serve Life Ins. Co., 234 S.W.2d 439, 443 (Tex.Civ.App., Texarkana 1950, writ ref'd); Anderson v. Hirsch et al., 112 S.W.2d 535, 541–542 (Tex.Civ.App., Amarillo 1937, writ ref'd); Mathews et ux. v. Texas Building & Loan Ass'n, 48 S.W. 744 (Tex.Civ.App., 1899, writ ref'd). However, that question is not before us in this case as it is undisputed that at the time the labor was performed and the material furnished the properties involved were not homesteads.

property sold by Patty to Everett C. Morgan and wife, Olive M. Morgan, as described in plaintiff's petition.

The motion for rehearing will be sustained to the extent that the judgment for foreclosure will include only the above named amounts and will not include a judgment for attorney's fee.

The personal judgment against Patty will be affirmed.

Reversed and rendered in part and affirmed in part.