**David C. INMAN et al., Appellants,**

**v.**

**Edward Wayne CLARK et ux., Appellees.**

**No. 15951.**

Court of Civil Appeals of Texas,
Houston (1st Dist.).

Sept. 21, 1972.

Buck C. Miller, Houston, for appellants.

David N. Gray, Houston, Minter & Mahon, Houston, of counsel, for appellees.

PEDEN, Justice.

Appellants brought this suit seeking, among other relief, foreclosure of their mechanic's and materialman's lien for their work as painters on a townhouse which the appellees, Mr. and Mrs. Clark, bought from its owner and builder, Mr. Dawson, as appellants were finishing their work on it and before they had filed their lien with the county clerk.

The jury found that Mr. Dawson had entered into an oral contract with the appellants to have them paint the townhouse and fixed the amount of the appellants' remuneration at $1,867.

The trial court entered a judgment in favor of the appellants against Dawson, the builder, but stated in the judgment that from the undisputed evidence and the applicable law the plaintiffs should take nothing from the Clarks and held that the plaintiffs do not have a valid and enforceable mechanic's and materialman's lien against the property in question, which is located at 7533 Del Monte St. in Houston. The lien was ordered cancelled.

The appellees' brief sets out the following "chronological summary of the material and uncontroverted facts of this case":

April 27, 1967—Appellants commence their portion of the work on the townhouse.

September 21, 1967—Appellants deliver bills for the to-be-completed work to Dawson.

September 31, 1967 (approx.)—Appellees Clark move into the townhouse.

October 8, 1967—Appellees Clark advise Appellants that they are buying the townhouse.

October 10, 1967—Dawson sells townhouse to Appellees Clark (the deed is dated October 10th but is notarized on October 13th).

October 11, 1967—Appellants complete work on townhouse.

October 20, 1967—Appellees Clark's deed is recorded.

October 21, 1967—Appellants prepare their mechanic's and materialman's lien affidavit and mail copies of same to Dawson.

October 23, 1967—Appellants' mechanic's and materialman's lien affidavit is recorded.

May 4, 1968—Appellees Clark served with citation in this cause.

The Inmans limit their appeal to their complaint that the trial court erred in failing to foreclose their statutory mechanic's and materialman's lien or their constitutional lien against the property in question.

Article 16, § 37 of the Texas Constitution Vernon's Ann.St., provides: "Mechanics, artisans and material men, of every class, shall have a lien upon the buildings and articles made or repaired by them for the value of their labor done thereon, or material furnished therefor; and the Legislature shall provide by law for the speedy and efficient enforcement of said liens."

It is well settled in Texas that this constitutional lien exists independently of any legislative act and is self-executing. Strang v. Pray, 89 Tex. 525, 35 S.W. 1054 (1896).

The appellees concede that the appellants properly prepared and filed their statutory lien in accordance with the provisions of Art. 5455, Vernon's Ann.Texas Civil Statutes, but contend that the lien is not enforceable against appellees because the appellants did not give them proper notice in accordance with Art. 5453. It is true that notices were not mailed to appellees, but the evidence establishes that the appellants continued to work on the townhouse in the presence of Mrs. Clark after the Clarks had moved in.

"Within the period of time allowed by the statutes for a mechanic's lien to be secured by filing, every person dealing with the property is charged with notice of the lien's existence." 38 Tex.Jur.2d 610, Mechanic's Liens § 52.

Having furnished their labor and materials directly to Dawson, the owner of the property, the appellants had 120 days after completion of their work to secure their lien. The appellees bought the property before the expiration of the 120-day period and appellees therefore had constructive notice of the appellants' existing right to file their affidavits. Wood v. Barnes, 420 S.W.2d 425 (Tex.Civ.App.1967, writ ref. n. r. e.), and cases cited therein. When there are newly constructed improvements on property the purchaser is under a duty to determine whether there are any outstanding mechanic's and materialman's liens against the property. Marks v. Calcasieu Lumber Co., 245 S.W.2d 749 (Tex.Civ.App.1952, writ ref. n. r. e.); Tomlinson v. Higginbotham Bros. & Co., 229 S.W.2d 920 (Tex.Civ.App.1950, no writ).

The liens, being properly fixed, relate back to the inception of the work done and materials supplied by appellants to Dawson. Wood v. Barnes, supra; University Savings & Loan Assoc. v. Security Lumber Co., 423 S.W.2d 287 (Tex.1967).

The appellees argue that the appellants concealed the existence of their lien, but it is clear that the evidence did not establish as a matter of law that there was such concealment, and the appellees did not obtain a favorable jury finding to the affirmative defense of concealment. There was no evidence that the existence of the lien was discussed during the parties' conversation, and it was not established that at that time Dawson had declined to pay the appellants.

We also observe that although the appellees pleaded that they were innocent purchasers of the property for value without constructive or actual notice of the appellants' claim, they obtained no jury finding of any facts in support of this affirmative defense to the constitutional lien, and under the evidence they were entitled to none. Having moved into the townhouse while the appellants were still furnishing labor and materials, and having completed their purchase of it within a few days thereafter, they could plainly see that labor and material were being furnished by the appellants within the statutory period for filing their lien. Under Tomlinson v. Higginbotham Bros. & Co., supra, the Clarks had the duty to inquire as to whether the appellants had been paid; having failed to do so, they stand in the same shoes as Dawson, the original owner, and cannot claim lack of notice.

We hold that the appellants established both their constitutional and statutory liens and were entitled to foreclosure against the townhouse purchased by Mr. and Mrs. Clark.

We reverse the judgment of the trial court to the extent that it cancelled and failed to foreclose the Inmans' liens against the townhouse in question, and we remand this cause to the trial court for entry of a judgment establishing those liens and ordering them foreclosed against the property in question.