Edwin Herman **DOSSMAN**, Jr., and Penny L. **Dossman**, Appellants,

v.

**NATIONAL LOAN INVESTORS,** L.P., Appellee.

No. 01–92–00144–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Dec. 17, 1992.

Rehearing Denied Feb. 11, 1993.

Paul R. Lawrence, Houston, for appellants.

James Louis Hordern, Jr., Brown, Campbell, Harrison & Wright, L.L.P., Houston, for appellee.

Before OLIVER–PARROTT, C.J., and SAM BASS and WILSON, JJ.

## OPINION

SAM BASS, Justice.

This appeal is taken from a summary judgment for amounts owing on a promissory note, including prejudgment and postjudgment interest and attorney's fees, and for judicial foreclosure of the real property securing the note.

We affirm the judgment as reformed.

Appellants, the Dossmans, executed a promissory note of $89,295.36 to Liberty Bank on April 2, 1984, secured by a mechanic's and materialman's lien contract. The lien contract was assigned to Liberty Bank. Liberty Bank failed, and the note and lien contract were sold by the FDIC to appellee, National Loan Investors, L.P.

(NLI). After the Dossmans defaulted, NLI presented the note for payment. With all offsets and credits applied, the amount owing on April 4, 1991, was $46,025.18. The demand for payment was not met, and NLI sued for the amount owing, plus interest, attorney's fees, and for judicial foreclosure of the lien. The trial court granted NLI's motion for summary judgment on December 16, 1991.

The Dossmans complain the trial court erred in granting NLI's motion for summary judgment because: a) there was no summary judgment evidence that the Dossmans' defenses were invalid, and b) the judgment directed that homestead sales proceeds be paid as attorney's fees.

In reviewing the granting of a motion for summary judgment, this Court will take all evidence favorable to the nonmovant as true. *MMP, Ltd. v. Jones,* 710 S.W.2d 59, 60 (Tex.1986); *Goldberg v. United States Shoe Corp.,* 775 S.W.2d 751, 752 (Tex.App.—Houston [1st Dist.] 1989, writ denied). The movant has the burden of showing there are no genuine issues of material fact, and he is entitled to judgment as a matter of law. *MMP, Ltd.,* 710 S.W.2d at 60; *Goldberg,* 775 S.W.2d at 752. When the movant has established the absence of any genuine issue of material fact in the asserted cause of action, the nonmovant cannot defeat the granting of a motion for summary judgment by merely pleading an affirmative defense. *Kirby Exploration Co. v. Mitchell Energy Corp.,* 701 S.W.2d 922, 926 (Tex.App.—Houston [1st Dist.] 1985, writ ref'd n.r.e.). In order to defeat the granting of the motion, the nonmovant must respond by producing summary judgment evidence that raises a fact issue on each element of any affirmative defense. *Brownlee v. Brownlee,* 665 S.W.2d 111, 112 (Tex.1984); *Kirby Exploration,* 701 S.W.2d at 926.

The Dossmans do not contest that NLI carried its burden of establishing its original claim as a matter of law. The Dossmans complain "there was no summary judgment evidence that appellants' defenses were invalid." Once NLI established its case as a matter of law, the burden was on

the Dossmans to produce summary judgment evidence to raise a fact issue on each element of their affirmative defenses. *Brownlee*, 665 S.W.2d at 112.

■ The Dossmans answered the original petition with a general denial. After NLI filed its motion for summary judgment, the Dossmans filed their first amended original answer. In that answer, they pled the affirmative defense of waiver, stating "[p]laintiff waived any rights it might have had due to its behavior concerning the loan." The Dossmans did not offer any summary judgment evidence to support the defense of waiver.

The Dossmans pled, by incorporating by reference their response to the motion for summary judgment into their amended answer, that the real property described in the lien contract was their homestead. They pled they could not have created a lien on their homestead because "substantial amounts of material, labor and funds had been expended on the construction project prior to the execution of the Lien contract," citing article XVI, section 50 of the Texas Constitution. NLI asserted in its reply that the Dossmans are estopped from asserting this defense. The summary judgment evidence produced by NLI shows the Dossmans signed the lien contract, which stated:

> The owner hereby covenants and acknowledges that this contract is executed, and acknowledged and delivered before any labor or materials for the erection and construction of the above-described improvements has been furnished.

Other courts of appeals have held "parties making [such] recitations are estopped to later argue the invalidity of the liens as a defense to foreclosure." *Zeller v. University Sav. Ass'n*, 580 S.W.2d 658, 661 (Tex.Civ.App.—Houston [14th Dist.] 1979, no writ); *see also Ackerson v. Farm & Home Savings & Loan Ass'n*, 77 S.W.2d 559, 561 (Tex.Civ.App.—San Antonio 1934, writ ref'd); *Farm & Home Savings & Loan Ass'n v. Muhl*, 37 S.W.2d 316 (Tex.Civ.App.—Waco 1931, writ ref'd). The Dossmans failed to present any summary judg-

ment evidence the property involved was their homestead.

The Dossmans pled, again by incorporating their response to the motion for summary judgment, they received insufficient consideration for the note. They offered no summary judgment evidence to support this defense.

The Dossmans' first subpoint is overruled.

■ The second subpoint complains the judgment is in error because it grants attorney's fees to NLI and directs the payment of the fees from the homestead sale proceeds, citing *Woods v. Barnes*, 420 S.W.2d 425 (Tex.Civ.App.—Dallas 1967, writ ref'd n.r.e.). The *Woods* case did not involve a homestead. *Id.* at 430 n. The footnote states:

> The authorities are in agreement that under the Constitution of Texas, Art. 16, Sections 37 and 50, a mechanic's lien against a homestead does not secure and cannot include that part of the judgment allowing attorney's fee even if the written mechanic's lien contract so provides.... However, that question is not before us in this case as it is undisputed that at the time the labor was performed and the material furnished the properties involved were not homesteads.

*Id.*

NLI argues that *Woods* is no longer the law because the Texas legislature passed amendments to section 53.156 of the Texas Property Code in 1989. TEX.PROP.CODE ANN. § 53.156 (Vernon Supp.1992). The current statute reads: "In any proceeding to foreclose a lien ... the court may award costs and reasonable attorney's fees as are equitable and just." TEX.PROP.CODE ANN. § 53.156. According to NLI, this amendment extends the lien to recovery of attorney's fees. However, even before the 1989 amendment, the statute provided for the recovery of attorney's fees incurred to collect mechanic's liens. In *Palomita, Inc. v. Medley*, 747 S.W.2d 575 (Tex.App.—Corpus Christi 1988, no writ), the Corpus Christi court addressed the inclusion of attorney's fees in the statutory mechanic's lien. The

opinion quotes section 53.156 as it read at that time:

§ 53.156. Costs of Collection or Defense (a) If the lien provided under Section 53.021 is not paid before the 181st day after the day the lien is fixed and secured under this chapter, the claimant or owner of the lien is entitled to recover all reasonable costs of collection, including attorney's fees.

Act of July 3, 1984, 68th Leg., 2d C.S., ch. 18, § 4(a), 1984 Tex.Gen.Laws 95, *amended by* Act of May 26, 1989, 71st Leg., R.S., ch. 1138, § 22, 1989 Tex.Gen.Laws 4700.

The Corpus Christi court held that, even though the legislature intended to allow the lienholder to recover attorney's fees, the court was "unwilling to infer an additional intent to attach this recovery to the lien." *Palomita,* 747 S.W.2d at 577. Similarly, the 1989 amendment does not purport to extend the lien to the attorney's fees, but merely restates that the court may award attorney's fees.

The Dossmans' second subpoint is sustained.

We affirm the trial court's judgment allowing recovery of attorney's fees against the Dossmans, but reform the judgment to delete the provision that grants to NLI a lien against the proceeds from the sale of the homestead to secure the award of attorney's fees.