## A. L. IDE & SON v. COLLEGE PARK ELECTRIC BELT LINE.

### Decided March 25, 1897.

#### 1. Supreme Court—Jurisdiction—Practically Settling Case.

The statute giving the Supreme Court jurisdiction where the judgment of the Court of Civil Appeals practically settles the case (Rev. Stats., art. 941) applies where such court holds that a plaintiff can recover nothing or holds that he should recover the full amount of his demand. But where a reversal is on the ground that plaintiff was not entitled to the full judgment recovered he cannot give the court jurisdiction by consenting to a judgment for the part only if that court should hold the ruling complained of to be correct. (Pp. 510, 511.)

#### 2. Same.

Plaintiffs in the trial court (having recovered a judgment for foreclosure of their lien upon a five-eighths interest in certain property, which judgment, on defendant's appeal, the Court of Civil Appeals reversed, holding that foreclosure should be on no more than a three-eighths interest) sought a writ of error, alleging that they could make no better showing and that the decision practically settled the case. Held, that the Supreme Court had no jurisdiction, the allegations of petitioners not being intended to concede that they could have no foreclosure and their concession not settling defendant's right, on another trial, to resist their foreclosure upon the three-eighths interest. (Pp. 509 to 511.)

PETITION for writ of error to the Court of Civil Appeals, Fifth District, in an appeal from Grayson County.

*J. W. Finley & J. F. Holt,* for petitioners.

GAINES, CHIEF JUSTICE.—This suit was brought by the applicants for the writ of error against the College Park Electric Belt Line, a corporation, and others, to recover for a part of the purchase price of certain machinery sold by the applicants to the corporation, and to foreclose a lien upon the property. The instrument was not recorded, and after its execution the company borrowed of a bank a large sum of money and gave the bank its promissory note with some of the other defendants as its sureties. To protect its sureties, it, at the same time, gave a deed in trust upon its property. Some of the sureties were directors in the bank, while others were not. The property was sold under the deed in trust and was purchased for the benefit of the sureties. Upon the trial the issue seems to have been whether the sureties had notice of the unrecorded lien or not. The court instructed the jury, in effect, that such of them as were directors of the corporation were chargeable with notice, but that the others were not affected by the lien unless they had actual notice of it or were put upon inquiry as to its existence, and the jury returned a verdict finding a lien as against six of the sixteen sureties with a foreclosure against a five-eighths interest in the property. Judgment was rendered upon the verdict foreclosing the lien against such interest.

The Court of Civil Appeals held that the trial judge correctly ruled that the directors were chargeable with notice; but they also held that under the pleadings and evidence there was no basis for a judgment of

foreclosure against five-eighths of the property, and that this result may have been brought about by a certain instruction of the court, which was assigned as error, and which in their opinion was erroneous. They concluded that the foreclosure should have been only against three-eighths; and accordingly reversed the judgment and remanded the cause.

In order to show jurisdiction in this court, the applicants allege that the decision of the Court of Civil Appeals "practically settles the case." Article 941 of the Revised Statutes provides, that a writ of error may be granted to a judgment remanding a cause "when the judgment of the Court of Civil Appeals reversing a judgment practically settles the case, and this fact is shown in the petition for writ of error, and the attorneys for petitioners shall state that the decision of the Court of Civil Appeals practically settles the case, in which case, if the Supreme Court affirms the decision of the Court of Civil Appeals, it shall also render final judgment accordingly." This rule applies when a plaintiff has recovered a judgment below, and the Court of Civil Appeals reverse the judgment, and practically hold that under the pleadings and evidence he is not entitled to recover anything. So, if the judgment below be for the defendant, and the Court of Civil Appeals hold that upon the case made the plaintiff should have recovered the full amount of his demand, the rule may also apply. If, in either case, the appellee should think that he can make no better case, there is no injustice in permitting him to state the fact in his petition for the writ of error, and submit to a judgment in this court, in the event the ruling of the intermediate court be sustained. But in this case the appellants in the Court of Civil Appeals (the defendants in this application) have secured a reversal of the judgment, but the Court of Civil Appeals have not held that the applicants are not entitled to recover at all. They have merely held that the foreclosure was upon a greater interest in the property than was warranted by the pleadings and evidence. We apprehend that the applicants do not propose to admit that, if the opinion of the Court of Civil Appeals is correct, they are not entitled to the foreclosure of a lien upon any interest in the property whatever, and to empower us to render such a judgment. Presumably what they desire is that, in the event the decision of the Court of Civil Appeals should be upheld, we should render a judgment here for them against the appellants foreclosing a lien against a three-eighths interest in the property. We are of opinion that this cannot be done. The appellants have not consented that a judgment may be rendered against them, and we think it not within the power of the appellees to confer jurisdiction upon the court to do this. Should jurisdiction have been given to this court to grant a writ of error to the judgment of the Court of Civil Appeals in this case upon some other ground, and should we be of opinion that that court did not err in reversing the judgment, we could not with propriety render a judgment here. The cause is not of a character to permit this to be done. It follows from these considerations, as we think, that if we should assume jurisdiction and grant a writ of error,

we could not, in the language of the statute, "render final judgment ac-cordingly;" and that therefore subdivision 8 of article 941 of the Re-vised Statutes does not apply to the case.

The decision may practically determine that the applicants are entitled to a foreclosure of the lien upon three-eighths of the property only—but it does not necessarily determine that they may be entitled to that much. The applicants' averment that the decision practically settles the case, is an admission as to them that they can adduce no better evidence on their behalf on another trial. The appellants make no such admission on their own behalf, and the appellees cannot make it for them. Upon another trial it would be lawful to prove that one or more of the defendants who were shown to be directors upon the previous trial were not in fact directors; and, however improbable, it is possible that they may do so. The statute requires, as we have formerly decided, not only that the applicant must aver that the decision practically settles the case, but it must also appear from the application that such is the fact. Although it be admitted that the applicants can produce no additional evidence, it does not appear to us that the decision of the Court of Civil Appeals settles the case.

For these reasons, we are of opinion that we have no jurisdiction of the cause, and therefore the application is dismissed.

*Petition for writ of error dismissed.*