## SMITH v. GOOD.

### No. 2031.

Court of Civil Appeals of Texas. Waco.

June 9, 1938.

Rehearing Denied Sept. 15, 1938.

Ellis P. House and J. W. Craig, both of Dallas, for appellant.

Read, Forsythe & Kepke and Gus Hodges, all of Dallas, for appellee.

ALEXANDER, Justice.

Mrs. Olpha Smith brought this suit against Byron Good to recover the title and possession of a tract of land in the city of Dallas and to cancel a trustee's deed conveying the land to the said Byron Good and for certain other relief not here necessary to be mentioned. The defendant Byron Good reconvened and sought judgment for the title and possession of the land in question. At the conclusion of the evidence the court instructed a verdict for the defendant and plaintiff has appealed.

Both parties claimed the property under Mrs. Octavia Smith as the common source. Mrs. Olpha Smith claimed under an alleged unrecorded deed from Mrs. Octavia Smith, while Good claimed the same through foreclosure proceedings under a deed of trust executed to him by Mrs. Marvin Shannon to whom Mrs. Octavia Smith had willed the property.

There was evidence to support the following material facts, which facts we must accept as true in view of the fact that the trial court gave an instructed verdict in favor of the appellee: The eighteen acres of land in question previously be-

longed to Ed M. Smith and his wife Olpha Smith. On August 7, 1929, the said Ed M. Smith and wife conveyed the land to Smith's mother, Mrs. Octavia Smith. On the same day Mrs. Octavia Smith made a will in which she willed said property to her granddaughter, Mrs. Marvin Shannon, who was a daughter of the said Olpha Smith. Later, on the same day, August 7, 1929, Octavia Smith reconveyed the land to the said Mrs. Olpha Smith. This latter deed was properly executed and delivered to Mrs. Olpha Smith but was never recorded. Mrs. Octavia Smith died on November 1, 1929, and her will was duly probated. On February 4, 1931, Mrs. Marvin Shannon borrowed the sum of $1,250 from Julia Sheppard and executed and delivered a deed of trust on the land in question as security for said loan. There is no evidence that Julia Sheppard had any notice of the reconveyance from Octavia Smith to Olpha Smith at the time she made the loan on said property. On March 27, 1931, the Sheppard notes were assigned to Byron Good, and on the same date Mrs. Marvin Shannon executed a deed of trust on the property to Byron Good to secure the payment of a loan of $3,000, part of which was used to take up the Sheppard notes and the balance was paid to Mrs. Marvin Shannon in cash. There was evidence that at the time Byron Good made this loan he had knowledge of the reconveyance from Octavia Smith to Olpha Smith. On July 9, 1931, J. W. Phillips entered into a mechanic's lien contract with Mrs. Marvin Shannon for the improvement of the property in question and took Mrs. Shannon's note for the sum of $1,094, secured by mechanic's lien contract on the property in question. There was evidence that at the time Phillips took this contract he was advised that Olpha Smith was claiming title to the property. On July 27, 1931, Mrs. Marvin Shannon executed a deed of trust to Byron Good to secure a loan of $4,500, part of which was used to take up the $3,000 loan previously held by Good and the $1,094 held by Phillips, and the balance was paid in cash. On December 17, 1931, Mrs. Marvin Shannon, for a recited consideration of $1, conveyed the land to Mrs. Olpha Smith. The indebtedness held by the various parties above mentioned was not referred to in said conveyance. On various dates after the execution of the last above mentioned deed of trust, Mrs. Olpha Smith paid to Byron Good the sum of $820, which was applied as interest on

the $4,500 loan, and, in addition, she paid the sum of $1,500 on the principal. There is no evidence that she directed the application of the $1,500 payment to the payment of any particular part of the indebtedness, and there is no evidence that the creditor applied the same to the discharge of any particular part of the principal of such indebtedness. On March 3, 1936, Good's lien was foreclosed by sale under deed of trust and he became the purchaser of the property.

■ The conveyance from Ed Smith and wife to Octavia Smith placed the title to the property in her. The reconveyance from Mrs. Octavia Smith to Mrs. Olpha Smith, of date August 7, 1929, became effective on that date upon its delivery, whereas, her will, by which she undertook to will the property to Mrs. Shannon, did not become effective until the death of the testatrix on November 1, 1929. 44 Tex. Jur. 703. Consequently, the title to the property vested in Mrs. Olpha Smith and not in Mrs. Shannon. Since the title to the property was in Mrs. Olpha Smith, the defendant Byron Good could obtain a lien thereon under a deed of trust from Mrs. Shannon, the record owner, only in the event he took such lien in good faith for value and without notice of the prior conveyance to Olpha Smith. There was evidence that at the time Good made the $3,000 loan on March 27, 1931, Mrs. Shannon delivered to him the deed of reconveyance from Mrs. Octavia Smith to Mrs. Olpha Smith, and that he had full knowledge of the contents thereof at that time. Necessarily, he had like information at the time he made the $4,500 loan on July 27, 1931. If this evidence be accepted as true, then Good was not a good faith lienholder and he acquired no lien on the property unless one of the prior lienholders whose lien he took up was a good faith lienholder. Mrs. Shannon testified that at the time Phillips took his mechanic's lien on the property for $1,094, she told him that Mrs. Olpha Smith was claiming title to the property. If this evidence be accepted as true, then Phillips took with notice and acquired no lien on the property, and Good acquired none when he purchased Phillips' indebtedness with notice.

■■ There was no evidence that Mrs. Sheppard had any notice of Mrs. Olpha Smith's claim at the time she took her lien on the property. She may therefore be treated as a good faith lienholder and

whatever lien she acquired passed to the defendant Good. However, this lien amounted to only $1,250 and the evidence shows that Olpha Smith, in addition to the payment of $820, which was applied as interest, paid the sum of $1,500 on the principal of Good's debt. Since Good's debt was created by Mrs. Marvin Shannon and since Olpha Smith was not personally liable therefor, we must assume that Mrs. Olpha Smith's purpose in paying the $1,500 on the debt was to discharge her property from the lien held by him. Under the above evidence, the only valid lien held by him was that given to secure the payment of the $1,250 formerly held by Mrs. Sheppard, and since neither of the parties applied the payment made by her to any particular part of the principal of Good's debt, equity would apply the same to the discharge of the valid portion of said lien. 32 Tex.Jur. 675–685. Hence, the only lien which Good ever had had been fully discharged prior to the sale under the deed of trust, and the trial court improperly gave an instructed verdict in his behalf.

In reaching the conclusions above set out, we have assumed as true all evidence favorable to appellant. Whether or not such evidence is in fact true will be a question of fact for the jury on another trial.

The judgment of the trial court is reversed and the cause is remanded for another trial.