Gerald F. STONE, Appellant,

v.

Wesley Howard PITTS et al.,
Appellees.

No. 4322.

Court of Civil Appeals of Texas.

Waco.

March 18, 1965.

Herbert Finkelstein, Houston, for appellant.

Aubrey H. Poole, Houston, for appellees.

WILSON, Justice.

Appellant Stone appeals from a take-nothing judgment in his suit as assignee against appellees on a $1500 mechanic's lien note in which he sought foreclosure of the lien. We reverse and remand.

Defendant Wesley Pitts' trial pleading contained no general denial, but pleaded failure of consideration generally; that Stone "had sufficient knowledge thereof to put him on notice to investigate"; and was not a holder in due course as he had alleged. B. H. Pitts and wife pleaded they owned the land described in the formal mechanic's lien contract when it was signed by their son, Wesley Pitts, and that no liens were filed for record before their deed to the property from Wesley Pitts was so filed.

The following table gives the chronological sequence of events settled by the record:

Deed from Wesley to B. H. Pitts executed 1958, but unrecorded.

Note and formal mechanic's lien contract to the contractor, Real, describing the same property, executed by Wesley Pitts February 17, 1960, but unrecorded.

B. H. Pitts received actual notice of Real's mechanic's lien contract and work thereunder during period February 17–20, 1960.

Real received actual notice of unrecorded deed to B. H. Pitts during period February 17–20, 1960.

Deed from Wesley to B. H. Pitts recorded February 23, 1960.

Assignment of note and lien from Real to Stone executed March 18, 1960.

Mechanic's lien recorded March 18, 1960.

Assignment to Stone filed for record March 23, 1960.

It does not appear that Stone had any notice of Pitts' unrecorded deed. There is no showing as to the value of any improvements made at the time Real actually acquired notice of the unrecorded deed.

To issues submitted the jury found that Stone purchased the note from Real "before March 25, 1960" for $500. (The significance of the March 25 date is not suggested). Issue 4 was: "Do you find from a preponderance of the evidence that at the time he purchased the note in question Stone did not have actual knowledge of any defect in such note, nor did he have knowledge of such facts that his action in taking such instrument amounted to bad faith?" The jury answered, "He did have such knowledge." The term "defect in such note" was defined as meaning that the original holder of the note obtained same by unlawful means or for an illegal consideration. By "bad faith", it was charged, "is meant an act done in dishonest disregard for the rights of others or with a wilful disregard of and refusal to learn the facts when available."

There are no objections to the charge. The significance of, or basis for the fourth finding is not explained by the pleadings, the evidence, the judgment or the briefs. The parties indicate the issue was intended to determine whether Stone was a holder in due course under Art. 5935, Vernon's Ann. Civ.St., Secs. 52–59. Appellant Stone does say he "claimed to be a holder in due course, but the jury's finding in response to Special Issue No. 4 effectively prevents him from being a holder in due course." He says, "This finding is not challenged." The court overruled Stone's motion to disregard findings as immaterial, and overruled his motion for judgment on the verdict. Defendants' motion for judgment on the verdict was granted.

■ We confess inability to comprehend the theory on which the case was tried, or the position of the parties in the briefs. Stone says he is entitled to recover the full amount of the note in the absence of an established pleaded defense. Insofar as this contention would apply to Wesley Pitts, the maker of the note, had the case been tried under an applicable theory, we agree. His sole pleaded defense of failure of consideration was not submitted or requested. No issue necessarily referable to it was submitted. Whether or not Stone

was a holder in due course is immaterial as to Wesley Pitts in the absence of an established infirmity or defect. Failure of consideration was not established as a matter of law. It was waived, Rule 279, Texas Rules of Civil Procedure, and reversal is required. Since judgment against plaintiff was erroneous, since the case was tried on an erroneous theory (See Continental Nat. Bank of Fort Worth v. Conner, 147 Tex. 218, 214 S.W.2d 928, 933), and since the case has not been fully developed, the judgment as to Wesley Pitts is reversed and the cause is remanded. Hicks v. Matthews, 153 Tex. 177, 266 S.W.2d 846.

■ As to B. H. Pitts the judgment must also be reversed. Stone's rights are those of Real, his assignor. Since he admits he is not a good faith holder he can recover and enforce a lien against B. H. Pitts only to the extent Real could have done. Continental Nat. Bank of Fort Worth v. Conner, 147 Tex. 218, 214 S.W.2d 928, 933, syl. 13. Real was entitled to a constitutional lien under Art. 16, Sec. 37 Texas Constitution, Vernon's Ann.St. for labor done and material furnished without notice of the unrecorded deed. Art. 6627, V.A.C.S. This lien is independent of the formal mechanic's lien contract or its recordation. Trammell v. Mount, 68 Tex. 210, 4 S.W. 377. But Real was not a good-faith lienholder as to B. H. Pitts, of course, beyond the time he acquired notice of the latter's rights. Smith v. Good, Tex.Civ.App., 119 S.W.2d 593, 594, syl. 4, writ ref.; Johnson v. Masterson, Tex.Civ.App., 193 S.W. 201, writ ref. See Von Hutchins v. Pope, Tex.Civ.App., 351 S.W.2d 642, writ. ref. n. r. e.; Lyday v. Federal Land Bank of Houston, Tex.Civ.App., 103 S.W.2d 441, writ dism.; 49 Tex.Jur.2d Sec. 147, pp. 491, 492.

The facts to which it is necessary to apply these rules are not available for rendition of judgment. They are not established by undisputed evidence or the verdict.

■ As a claimant under Real in the latter's status as a mortgagee under the formal mechanic's lien contract, the burden of proof was on the assignee Stone to establish that the contractor, Real, took the mortgage without notice of the unrecorded deed. As assignee of Real's constitutional lien, however, Stone was in Real's position of a creditor under Art. 6627, V.A.C.S., and the burden of proof was upon B. H. Pitts as holder of an unrecorded deed to show Real's notice. Turner v. Cochran, 94 Tex. 480, 61 S.W. 923, 925; McDonald v. Powell Lumber Co., Tex.Civ.App., 243 S.W.2d 192, 195, writ ref.; Ives v. Culton, Tex.Com. App., 229 S.W. 321. See Hill v. The Praetorians, Tex.Civ.App., 219 S.W.2d 564, 567, syl. 6, writ ref. n. r. e.

B. H. Pitts failed to show by the undisputed evidence or to plead when Real had notice, and no issue referable to the defense was submitted or requested. The defense is not available or established under the record. Rules 67, 279, T.R.C.P.

■ Stone did show, however, that Real did some work and furnished some material under contract. He thus established a pleaded constitutional lien, even though he failed to discharge his burden to recover on the mortgage. The amount and extent, however, is unknown and unproved. It is undisputed that Real had actual notice of the unrecorded deed before he finished the work. The value of the improvements completed before notice is not shown. It is consequently impossible to render judgment, and the cause as to B. H. Pitts is reversed and remanded.