**DEE'S CABINET SHOP, INC.,**
**Appellant,**

v.

**George T. WEBER, Jr., et al., Appellees.**

**No. 17936.**

Court of Civil Appeals of Texas,
Fort Worth.

March 2, 1978.

Goodstein & Starr and Wade Starr, Dallas, for appellant.

Ernest T. Foree, Dallas, for appellees George T. Weber, Jr. and wife, Shirley.

Goldberg & Alexander and John M. McMullen, Dallas, for appellee Southwest Savings Ass'n.

## OPINION

HUGHES, Justice.

Dee's Cabinet Shop, Inc. (appellant) brought suit against the following defendants: (1) McAnally Construction, Inc.; (2) George T. Weber Jr. and wife; and (3) Southwest Savings Association.

Dee appealed from the judgment for Webers and Southwest. This case involves a constitutional lien under Tex.Const. art. 16, § 37.

We affirm.

McAnally was engaged in the construction business. Dee sold various cabinets, doors, and paneling to McAnally. Dee contends that the items listed above were installed in two houses that were being constructed by McAnally on two lots that it (McAnally) owned at the time.

Southwest had a deed of trust on Lot 4, Block "B", which was filed for record on April 15, 1975.

On or about August 19, 1975 McAnally sold and conveyed to the Webers the real property and improvements on the other lot, Lot 11, Block 14. In connection with the sale of said property, Southwest loaned $27,000.00 to the Webers. This loan was secured by a deed of trust.

Dee contends that the doors and cabinets were delivered to the two sites between July 3 and August 4, 1975. On September 22, 1975, Dee filed with the county clerk of Denton County, Texas, two instruments claiming liens for materials installed in the houses built on the two lots; these instruments were acknowledged, but not verified. In his petition, Dee alleged both statutory

and constitutional mechanic's and material-man's liens on the said lots, and asked for foreclosures of such liens. Summary judgment was granted Dee against McAnally for the amount of the debt, but its motions for summary judgment against the other defendants were denied. At the trial, in his opening statement to the court, Dee's attorney waived its claim of statutory lien and relied solely on the constitutional lien. After Dee rested its case, the court rendered judgment that Dee take nothing as against the Webers and Southwest.

Tex.Const. art. 16, § 37 provides:

"Mechanics, artisans and material men, of every class, shall have a lien upon the buildings and articles made or repaired by them for the value of their labor done thereon, or material furnished therefor; *and the Legislature shall provide by law for the speedy and efficient enforcement of said liens.*" (Emphasis added.)

In accordance with the mandate of the Texas Constitution, the Legislature has adopted Tex.Rev.Civ.Stat.Ann. art. 5452 to 5472e, which are found in Chapter 2, V.A.T.S., entitled "Mechanics, Contractors and Material Men."

Tex.Rev.Civ.Stat.Ann. art. 5452 (Supp. 1978) provides in part that:

"Any person or firm . . . who may labor, specially fabricate material, or furnish labor or material: (a) for the construction or repair of any house, building, or improvement whatever; . . . within this state under or by virtue of a contract with the owner, owners, or his or their agent, trustee, receiver, contractor, contractors, or with any subcontractor; upon complying with the provisions of this Chapter shall have a lien on such house, building, fixtures, . . . and shall have a lien on the lot or lots of land . . . to secure payment: (a) for the labor done or material furnished or both for such construction or repair; . . ."

Tex.Rev.Civ.Stat.Ann. art. 5453 (Supp. 1978) provides in part that:

"The lien provided for in Article 5452 may be fixed and secured in the following manner:

1. Every original contractor, not later than one hundred twenty (120) days, . . . shall file his *affidavit* claiming a lien, to be recorded in a book kept by the county clerk for the purpose in the office of the county clerk of the county in which such property is located . . . and he shall send to the owner . . . two (2) copies of such *affidavit claiming a lien.* . . . " (Emphasis added.)

█ An original contractor is one who contracts with an owner either directly or through his agent. Tex.Rev.Civ.Stat.Ann. art. 5452, § 2e (Supp.1978). As between the owner and the original contractor, the original contractor need not comply with the requirements of the statute, because the original contractor's constitutional lien extends as far as the statutory lien. The constitutional lien is not binding on subsequent purchasers who are without actual or constructive notice of the constitutional lien. *Stone v. Pitts,* 389 S.W.2d 601 (Tex. Civ.App.—Waco 1965, no writ); *Newman v. Coker,* 310 S.W.2d 354 (Tex.Civ.App.—Amarillo 1958, no writ).

No actual notice was given by Dee (or anyone) to the Webers or to Southwest. Tex.Rev.Civ.Stat.Ann. art. 5453, § 1 (Supp. 1978), quoted in part above, provides a method whereby the original contractor can enforce his constitutional lien as against third parties by way of constructive notice. The method provided is by filing affidavits with the county clerk within 120 days and sending two copies of the affidavit to the owner. On or about September 22, 1975, Dee did file two instruments with the county clerk which did not contain affidavits, although they were acknowledged.

The following discussion is found in 41 Tex.Jur. *Notice* § 7 at 524–525 (1963):

"Actual notice is rebuttable but constructive notice is a legal inference, conclusive in its nature, established from facts such as notice imparted by the record of instruments. It does not rest on personal information or knowledge. *It has been said that constructive notice would not exist but for some statute,* and that this kind of notice is the legal effect prescribed by law of certain things, most

frequently illustrated by registration statutes, lis pendens notices, and the like."

In the situation before us, a method of giving constructive notice was provided by Tex.Rev.Civ.Stat.Ann. art. 5453, § 1 (Supp.1978). The instruments that appellant filed with the county clerk did not have affidavits attached; therefore, Dee cannot avail itself of the statute whereby constructive notice is allowed in the case of properly filed affidavits.

Dee argues that the instruments gave constructive notice in that the two instruments were eligible to be recorded under Tex.Rev.Civ.Stat.Ann. art. 6626 (Supp.1978). We do not agree. There are many instruments that are entitled to be recorded within the meaning of Tex.Rev. Civ.Stat.Ann. art. 6626 (and in fact are recorded) that do not give constructive notice. An example is a recorded deed lying outside of a purchaser's chain of title; it may be recorded in the county clerk's office, but it doesn't give the purchaser constructive notice. 49 Tex.Jur.2d *Records and Registration Acts* § 69 at 395 (1963).

We have considered each of the appellant's points of error and each is overruled.

The judgment of the trial court is affirmed.