The DETERING COMPANY, Appellant,

v.

Joe R. GREEN and Mary T. Green, Appellees.

No. 01–98–00553CV.

Court of Appeals of Texas, Houston (1st Dist.).

April 22, 1999.

Chuck Portz, Houston, for Appellant.

James B. Wesley, Harry Herzog, Houston, for Appellees.

Panel consists of Justices COHEN, HEDGES, and NUCHIA.

## ON MOTION FOR REHEARING

ADELE HEDGES, Justice.

On this day, the Court considered appellees' motion for rehearing. The motion for rehearing is denied. However, we withdraw our opinion of April 1, 1999, and issue this opinion in its stead. The judgment dated February 25, 1999 remains unchanged.

Appellant, The Detering Company, filed a foreclosure of a mechanics' lien against appellees, Joe R. Green and Mary T. Green.[1] The trial court granted appellees' motion for summary judgment on the grounds that they were bona fide purchasers without actual or constructive knowledge of the lien. In four issues presented, Detering contends that the trial court erroneously rendered summary judgment based on its contentions that: (1) the recording of a constitutional lien perfects the lien as to a third party when the lien is recorded before foreclosure; (2) the Greens had actual knowledge of the lien when they took possession of the property; (3) the Greens failed to present evidence that they had no notice of the constitutional lien; and (4) the issue of notice is a disputed issue of fact. We affirm.

## BACKGROUND

Dom/Strel Limited Partnership purchased the property at issue on April 16, 1993. Detering provided material for use in the construction of a house on the property between December 1993 and March 1994. In January 1995, Detering filed a lien affidavit on the property. In March 1995, Channelview Bank foreclosed on the property, and the property was sold to Channelview Properties. The Greens purchased the property from Channelview Properties in April 1996.

## Propriety of Summary Judgment

Detering argues that (1) summary judgment was not proper because the recording of its constitutional mechanics' lien[2] perfected the lien as to any third party who took possession of the property after the lien was recorded and (2) the Greens had actual

---

1. Appellees contend there is a procedural defect with regard to appellant's identity. Plaintiff's Original Petition was filed on behalf of The Detering Company. Plaintiff's First Amended Petition listed Plaintiff as Ray Crain, Assignee for The Detering Company. The notice of appeal only lists The Detering Company. An assignee may maintain the suit in the assignor's name. *Graco Robotics, Inc. v. Oaklawn Bank,* 914 S.W.2d 633, 639 (Tex.App.—Texarkana 1995, writ dism'd). Plaintiff's First Amended Petition merely put Defendants on notice of the assignment as provided by statute. TEX. PROP.CODE ANN.

§ 12.014(b) (Vernon Supp.1999); *see Graco,* 914 S.W.2d at 639.

2. Article XVI, section 37 of the Texas Constitution provides:

Mechanics, artisans and material men, of every class, shall have a lien upon the buildings and articles made or repaired by them for the value of their labor done thereon, or material furnished therefor; and the Legislature shall provide by law for the speedy and efficient enforcement of said liens.

knowledge of the lien prior to purchasing the property. Detering also contends that (1) the Greens presented no evidence that they took the property with no actual notice of the lien and (2) at the very least, a fact issue exists as to the existence of notice.

**Standard of Review**

■ Summary judgment is proper only when a movant establishes there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Randall's Food Mkts., Inc. v. Johnson,* 891 S.W.2d 640, 644 (Tex.1995). In reviewing the summary judgment, we indulge every reasonable inference in favor of the nonmovant, resolve any doubts in its favor, and take as true all evidence favorable to it. *Id.; Bangert v. Baylor College of Med.,* 881 S.W.2d 564, 565–66 (Tex.App.—Houston [1st Dist.] 1994, writ denied). A defendant is entitled to summary judgment if the evidence disproves as a matter of law at least one element of each of the plaintiff's causes of action or if it conclusively establishes all elements of an affirmative defense as a matter of law. *Johnson,* 891 S.W.2d at 644.

**Analysis**

■ There are two types of notice, actual and constructive. Actual notice exists when knowledge is actually brought home to the parties to be affected by it, or where the parties might, by the use of reasonable diligence, have informed themselves of the existence of certain facts. *College Park Elec. Belt Line v. Ide,* 15 Tex.Civ.App. 273, 40 S.W. 64, 66 (Dallas 1897), *writ dism'd w.o.j.,* 90 Tex. 509, 39 S.W. 915 (1897). An instrument that is *properly* recorded in the proper county provides constructive notice to all persons of the existence of the instrument. *See Dyson Descendant Corp. v. Sonat Exploration Co.,* 861 S.W.2d 942, 947 (Tex.App.—Houston [1st Dist.] 1993, no writ) (interpreting Tex. Prop.Code Ann. § 13.002 (Vernon 1984)). To perfect a lien against third parties without actual notice, a person must comply with the requirements of chapter 53

of the Property Code. Tex. Prop.Code Ann. § 53.051 (Vernon 1995). To perfect a mechanics' lien, a party claiming the lien must file an affidavit with the county clerk of the county in which the property is located not later than the 15th day of the fourth calendar month after the day on which the indebtedness accrues.[3]

■ It is undisputed that a constitutional mechanics' lien is self-executing, without any filing or other activity, as against the original owner of the property or the original contractor. *First Nat'l Bank v. Whirlpool Corp.,* 517 S.W.2d 262, 267 (Tex.1974); *Wood v. Barnes,* 420 S.W.2d 425, 429 (Tex.Civ. App.—Dallas 1967, writ ref'd n.r.e.) However, for the contractor to be protected against the rights of third parties, he must either comply with chapter 53 of the Property Code in regard to affidavits for fixing mechanics' liens, thus giving constructive notice to third parties, or third parties must have actual notice. *Wood,* 420 S.W.2d at 429.

■ As third parties, the Greens would be charged with constructive notice of Detering's mechanics' lien if it had been properly filed. *See Dyson Descendant Corp.,* 861 S.W.2d at 947. The indebtedness owed Detering accrued on the last day of the month in which the original contract was completed. Tex. Prop.Code Ann. § 53.053(b)(2) (Vernon 1995). The last invoice from Detering concerning the property was dated March 23, 1994. In order to properly invoke its lien, Detering's lien affidavit should have been filed by July 15, 1994, the 15th day of the fourth calendar month after the indebtedness accrued. Because Detering did not file its lien affidavit until January 30, 1995, the lien was not properly filed. A lien affidavit that does not meet the requirements called for by statute does not provide the protection of constructive notice. *See Dee's Cabinet Shop v. Weber,* 562 S.W.2d 945, 947–48 (Tex.Civ. App.—Fort Worth 1978, no writ).

We overrule issue one.

---

3. Act of May 26, 1989, 71st Leg., R.S., ch. 1138, § 4, 1989 Tex. Gen. Laws 4693, 4694 (amended 1997) (current version at Tex. Prop.Code Ann. § 53.052(b) (Vernon Supp.1999)) (current version requires lien arising from residential construction to be filed not later than 15th day of third calendar month after day on which indebtedness accrues).

▇ Appellant also contends that the Greens had actual notice of its lien, citing numerous cases in which actual notice was found. Courts have held that third parties either had actual notice or had a duty to inquire based on circumstances surrounding the property in question.[4] These cases are distinguishable. The property was first purchased by Channelview Properties on March 7, 1995. The Greens attached affidavits from personnel of both Channelview Properties and Channelview Bank attesting to the fact that neither entity knew about Detering's lien at the time of the foreclosure and sale of the property by the bank in March 1995. Unlike the circumstances in the cases relied upon by appellant, nothing in the record before us suggests that work was still ongoing at the time of the foreclosure and sale of the property.

The foreclosure by the bank and its sale to Channelview Properties took place outside the statutory period for the recording of the lien. The last invoice for material supplied by Detering was dated March 23, 1994, almost one year before the foreclosure and sale. There was no evidence presented by Detering that would raise a genuine issue of material fact as to the existence of any circumstances to put Channelview Properties on notice of Detering's lien at the time it purchased the property. The Greens purchased the property from Channelview Properties, over one year after Channelview Properties made its purchase. There is no evidence that the Greens purchased the property with actual notice of the lien or under circumstances putting them on notice to inquire about possible liens.

▇ To raise a genuine issue of material fact regarding notice, Detering relied solely on its defectively filed lien affidavit, which it claims provided *actual* notice to third parties such as the Greens. We disagree. An improperly filed lien affidavit, in and of itself, fails to provide either actual or constructive notice of the lien.

We overrule issues two, three, and four.

We affirm the judgment of the trial court.

---

4. *Contract Sales Co. v. Skaggs,* 612 S.W.2d 652, 653 (Tex.Civ.App.—Dallas 1981, no writ) (holding evidence established actual notice because party had personal knowledge of improvements being made on property at or shortly before time it took possession); *Inman v. Clark,* 485 S.W.2d 372, 374 (Tex.Civ.App.—Houston [1st Dist.] 1972, no writ) (holding because party moved into property while contractor was furnishing labor and materials, and having completed purchase within few days thereafter, party had actual notice that labor and material were being furnished within statutory period for filing lien and had duty to inquire as to whether contractor had been paid); *Rhoades v. Miller,* 414 S.W.2d 942, 944 (Tex.Civ.App.—Tyler 1967, no writ) (holding that because there were no findings of fact and conclusions of law, judgment could be affirmed upon any theory supported by evidence, either constitutional lien or statutory lien); *Bovaird Supply Co. v. American Tank Co.,* 29 F.2d 361, 362 (5th Cir.1928) (holding knowledge of ongoing development of oil well on property, including furnishing of material and supplies, put subsequent vendors on notice that other liens may exist).