

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-19-00308-CV

_____

BAXTER CONSTRUCTION COMPANY, LLC, Appellant

V.

SENIOR CARE LIVING VII, LLC, Appellee

On Appeal from the 16th District Court
Denton County, Texas
Trial Court No. 19-4506-16

Before Gabriel, Womack, and Wallach, JJ.
Memorandum Opinion by Justice Gabriel

## MEMORANDUM OPINION

Appellant Baxter Construction Company, LLC asks this court to apply the Texas Citizens Participation Act (the TCPA or the Act) to the claims brought against it by appellee Senior Care Living VII, LLC and to reverse the trial court's denial of its motion to dismiss and its award of attorney's fees to Senior Care. Because Baxter's motion did not challenge the claims pled by Senior Care, we conclude that the trial court did not abuse its discretion by denying the motion or by awarding Senior Care attorney's fees.

## I. BACKGROUND

Texas law provides both a statutory mechanic's lien and a constitutional mechanic's lien for a person who furnishes labor or materials for a building's construction or repair. Tex. Const. art. XVI, § 37; Tex. Prop. Code Ann. §§ 53.001(5), 53.021. To perfect the statutory lien, the person must comply with Texas Property Code Chapter 53, Subchapter C. Tex. Prop. Code Ann. § 53.051. Subchapter C requires the person claiming the lien to file an affidavit with the county clerk. *Id.* § 53.052. This affidavit must contain certain information described in the chapter and must be filed within a specified time period after the property owner accrues the debt secured by the lien. *Id.* §§ 53.052–.054. The constitutional lien, on the other hand, is self-executing and thus arises automatically. *Dee's Cabinet Shop, Inc. v. Weber*, 562 S.W.2d 945, 947 (Tex. App.—Fort Worth 1978, no writ); *see also Tex. Wood Mill Cabinets, Inc. v. Butter*, 117 S.W.3d 98, 105 (Tex. App.—Tyler 2003, no pet.) (op. on reh'g). Thus, recording the constitutional lien is not necessary to enforce the lien against the owner

2

of the property who contracted for the work, although the lienholder may choose to record it, and the lienholder must comply with Chapter 53, Subchapter C in order to make the constitutional lien enforceable against future purchasers of the property who would otherwise not have notice of it. *Tex. Wood Mill*, 117 S.W.3d at 105; *Dee's Cabinet Shop*, 562 S.W.2d at 947.

Baxter furnished labor and materials for construction work on property owned by Senior Care in Denton County. On March 5, 2019, Baxter filed a lien affidavit in the Denton County property records. The lien affidavit stated that Senior Care owed Baxter $1,254,172.83 and that Baxter was claiming "a lien on the above-described property and improvements under the provisions of Texas Property Code § 53.001 *et seq.* to secure payment of said amount." After setting out information required by Texas Property Code Section 53.054 for perfecting a statutory mechanic's lien, the affidavit included one sentence addressing Baxter's constitutional lien: "Claimant also claims a constitutional lien to the extent it is available on such property pursuant to Article 16, Section 37 of the Texas Constitution."

After Senior Care received notice of the lien affidavit's filing, *see* Tex. Prop. Code Ann. § 53.055, Senior Care's attorney demanded that Baxter withdraw its filing, asserting that the lien affidavit had been filed untimely. Baxter refused, and Senior Care filed this lawsuit.

In its petition, Senior Care asserted that "if Baxter intended to file a lien pursuant to Chapter 53," it missed the deadline to do so. Senior Care requested a declaration

3

"that the Untimely Lien is void and of no effect because it was not filed within the time requirements of the Texas Property Code" and asked the trial court to render judgment "finding that equity requires the removal of the Untimely Lien." Baxter filed counterclaims for breach of contract and to foreclose its liens, among other claims.

Baxter then filed a motion to dismiss Senior Care's claims under the TCPA. The trial court denied Baxter's motion and ordered that Senior Care was entitled to recover its reasonable attorney's fees and costs incurred from Baxter's filing the motion. Baxter then filed this appeal.

## II. THE TCPA RULING

Under the applicable version of the TCPA, a defendant seeking the protection of the TCPA has the initial burden to establish the Act's applicability to the plaintiff's claims. *Ray v. Fikes*, No. 02-19-00232-CV, 2019 WL 6606170, at *2 (Tex. App.—Fort Worth Dec. 5, 2019, pet. denied) (mem. op.) (citing Act of May 21, 2011, 82nd Leg., R.S., ch. 341, § 2, 2011 Tex. Sess. Law Serv. 960, 962 (amended 2019) (current version at Tex. Civ. Prac. & Rem. Code Ann. § 27.005(b)). Baxter's motion stated that "[b]y its lawsuit, S[enior Care] seeks to punish Baxter for rightfully protecting its interests as expressly *provided by the Texas Constitution*." [Emphasis added.] It further stated that its lien affidavit "specifically claims a constitutional lien pursuant to Article 16, Section 37 of the Texas Constitution" and that "[f]or purposes of this Motion, Baxter *will not address any other basis* for a statutory mechanic's lien claim as may be available under Chapter 53 of the Texas Property Code." [Emphasis added.]

4

But Senior Care's claims attack only Baxter's perfection of a *statutory* lien and do not attack either the existence or validity of Baxter's constitutional lien against it. Baxter's motion thus seeks dismissal of claims that were not raised by Senior Care and does not seek dismissal of the claims that Senior Care actually raised. Because Baxter's motion asked the trial court to dismiss claims that did not exist in the suit, the trial court could not have abused its discretion by denying the motion. *See Smith v. Crestview NuV, LLC*, 565 S.W.3d 793, 798 (Tex. App.—Fort Worth 2018, pet. denied) (holding that, in reviewing the trial court's ruling on a TCPA motion, the court of appeals could not ignore the plaintiff's pleadings, which alleged a claim based on the defendant's conduct, in order to conclude that the true, unpleaded basis for the plaintiff's claim was the defendant's communications).

Baxter addresses this point in its reply brief, arguing that "[t]here are not two recorded liens here. There is one recorded lien, filed by Baxter with the Denton County Clerk on March 5, 2019, with two expressly stated bases for the lien—the Texas Property Code and the Texas Constitution." It contends that Senior Care did seek removal of the constitutional lien because it could not sue to remove the statutory lien without also removing the constitutional lien and that "[t]here is nothing in Senior Care's live pleading that limits its claims to only a lien filed under the Property Code."[1]

---

[1]While we agree that Senior Care's petition did not discuss the difference between a constitutional mechanic's lien and a statutory mechanic's lien, its asserted basis for declaratory relief is that Baxter's lien is void because it was not filed within the time requirements of Chapter 53. This basis for removal supports our reading of the petition

Baxter is correct that it made only one filing, but for two reasons, it is mistaken about the significance of that fact to this suit. First, Baxter did not record one lien; Baxter filed one *affidavit*, and in doing so recorded two separate liens, one statutory and one constitutional. *See* Tex. Prop. Code Ann. §§ 53.021, .052 (providing that a person who provides labor or materials for construction or repair has a lien for payment and that the person claiming the lien perfects it by filing an affidavit). Second, how the trial court may properly craft relief for Senior Care to remove the statutory lien but leave the constitutional lien—should Senior Care prevail—is not a question before this court and is not relevant to whether Baxter is entitled to dismissal of the claims actually brought by Senior Care.[2] We overrule Baxter's first issue.

## III. ATTORNEY'S FEES

In Baxter's second issue, it argues that the trial court erred by awarding attorney's fees and costs to Senior Care without finding that Baxter's motion was frivolous or had been filed for the sole purpose of delay.

---

that it is only the statutory lien being challenged by Senior Care because a constitutional lien is valid against the original owner even if the owner does not timely file a lien affidavit to provide public notice of it.

[2]We recognize that at the hearing on Baxter's motion, Senior Care argued that Baxter did not need to record its constitutional lien but that if it wanted to record it in the county records, it had to comply with Chapter 53. Regardless of these hearing arguments, Senior Care's petition does not seek removal of the constitutional lien.

6

The trial court awarded Senior Care its reasonable attorney's fees and costs "pursuant [to] TEX. CIV. PRAC. & REM. CODE § 27.009(b)." Section 27.009(b) authorizes a trial court to award court costs and reasonable attorney's fees to a party who responds to a motion to dismiss filed under the TCPA if the court finds that the motion is frivolous or solely intended to delay. Tex. Civ. Prac. & Rem. Code Ann. § 27.009. By explicitly referencing this section as the basis for the award, the trial court implicitly found that Baxter's motion was either frivolous or filed for purposes of delay. *See Schimmel v. McGregor*, 438 S.W.3d 847, 856 (Tex. App.—Houston [1st Dist.] 2014, pet. denied) (noting that the trial court had stated in its order ruling on a TCPA motion that the motion was timely, and holding that the trial court had therefore implicitly ruled that, if the movant had filed the motion late, the movant had good cause for doing so).

Baxter argues alternatively that the evidence is legally insufficient to support the award because Senior Care presented no evidence that Baxter's motion was frivolous or pursued solely for delay. A motion to dismiss under the TCPA is frivolous if it has no basis in law or fact and lacks a legal basis or legal merit. *Stallion Oilfield Servs. Ltd. v. Gravity Oilfield Servs., LLC*, 592 S.W.3d 205, 222 (Tex. App.—Eastland 2019, pet. denied). Because Baxter moved to dismiss claims that had not been asserted, its motion had no basis in law. The trial court therefore did not abuse its discretion by determining that the motion was frivolous. We overrule Baxter's second issue.

Having overruled both of Baxter's issues, we do not reach Baxter's conditional argument that, should we reverse the trial court's order, we remand this case to the trial court for the assessment of attorney's fees and sanctions against Senior Care.

## IV. CONCLUSION

Baxter did not establish that it was entitled to dismissal of Senior Care's claims because its motion did not address the claims actually asserted by Senior Care. And because Baxter moved to dismiss claims that had not been asserted, the trial court did not abuse its discretion by determining that the motion was frivolous. Accordingly, we affirm the trial court's order denying Baxter's motion to dismiss and finding that Senior Care is entitled to attorney's fees under Section 27.009, and we remand this case for further proceedings.

/s/ Lee Gabriel

Lee Gabriel
Justice

Delivered: October 22, 2020

8