**Opinion issued May 13, 2021**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-19-00728-CV

———————————

**BAXTER CONSTRUCTION COMPANY, LLC, Appellant**

**V.**

**SENIOR CARE LIVING VI, LLC, Appellee**

**On Appeal from the 400th District Court**
**Fort Bend County, Texas**
**Trial Court Case No. 19-DCV-261875**

## MEMORANDUM OPINION

This case involves the pre-2019 version of the Texas Citizens Participation

Act ("TCPA").[1] In this interlocutory appeal, appellant, Baxter Construction

---

[1] The TCPA's amendments became effective September 1, 2019. *See* Act of May 17, 2019, 86th Leg., R.S., ch. 378, §§ 1–12 (codified at TEX. CIV. PRAC. & REM.

Company, LLC ("Baxter"), challenges the trial court's denial of its Motion to Dismiss under the TCPA the claims for declaratory judgment and to remove a cloud on its title filed by appellee, Senior Care Living VI, LLC ("Senior Care").[2] Because we conclude that Baxter's motion to dismiss does not address the only claim pleaded by Senior Care, the TCPA does not apply. Accordingly, we affirm.

## BACKGROUND

Baxter contracted with Senior Care to provide labor and materials for construction work on a residential senior care facility located in Sugarland, Texas. A dispute arose between the parties regarding whether Senior Care had paid the amount due and owing under the contract.

### *The lien*

Thereafter, on March 5, 2019, Baxter recorded a lien affidavit and claim in the official public records of Fort Bend County. The lien affidavit stated that Senior Care owed Baxter $1,762,308.80 and that Baxter was claiming "a lien on the above-described property and improvements under the provisions of Texas Property Code §53.001 *et seq.* to secure payment of said amount." The affidavit set out the information required by Texas Property Code Section 53.054 for perfecting a

---

CODE §§ 27.001–.010). Because this lawsuit was filed on April 24, 2019, it is governed by the pre-amendment version of the TCPA, and our citations refer to that version.

[2]   *See* TEX. CIV. PRAC. & REM. CODE §§ 27.008, 51.014(a)(12).

statutory mechanic's lien and included the following sentence indicating that Baxter also claimed a constitutional lien: "Claimant also claims a constitution lien to the extent it is available on such property pursuant to Article 16, Section 37 of the Texas Constitution."

Senior Care notified Baxter that it considered the lien to have been untimely filed because Baxter had certified that its work had been completed in January 2018, that, under Sections 53.053 of the Texas Property Code, Baxter had until April 15, 2018 to file its lien, but that Baxter did not file its lien until March 5, 2019. Baxter refused to withdraw its filing.

### The lawsuit

Senior Care filed a lawsuit against Baxter on April 24, 2019. In its petition, Senior Care asserted that the Baxter's lien filing was too late, stating that "if Baxter intended to file a lien pursuant to Chapter 53 of the Property Code, it was required to be filed no later than April 15, 2018." Senior Care asserted two causes of action: First, it sought a declaratory judgment requesting "a judicial declaration that the Untimely Lien is void [and] of no effect because it was not filed within the time requirements of the Texas Property Code." Second, it asserted that "[t]he Untimely Lien is an unlawful cloud on [Senior Care's] title" and requested "a judgment finding that equity requires the removal of the Untimely Lien."

***The motion to dismiss***

Baxter then filed a motion to dismiss Senior Care's claims under the TCPA. In its motion, Baxter asserted that, "[b]y its lawsuit, [Senior Care] seeks to punish Baxter for rightfully protecting its interests as expressly provided by the Texas Constitution." Baxter's motion also stated, "The Lien specifically claims a constitutional lien pursuant to Article 16, Section 37 of the Texas Constitution." The motion further provided that, "[f]or purposes of this Motion, Baxter will not address any other basis for a statutory mechanic's lien claim as may be available under Chapter 53 of the Texas Property Code."

In its response to Baxter's motion to dismiss, Senior Care asserted "Baxter asks that this Court dismiss claims brought by [Senior Care] based on the TCPA's alleged applicability to claims that [Senior Care] has not asserted." Senior Care further asserted that "[r]ather than seek dismissal based on the claims actually brought by [Senior Care], Baxter seeks dismissal of a purported attack on [Baxter's] alleged 'constitutional lien' that appears nowhere in [Senior Care's] Original Petition." Senior Care contended, among other things, that "Baxter cannot carry its burden under the TCPA because "it fails to establish that [Senior Care's] claim was brought as a result of Baxter's alleged constitutional lien." In so arguing, Senior Care pointed out that its "petition challenges the validity of a recorded materialman's lien

4

asserted under the Property Code," and that its Original Petition contains no reference "to any purported 'constitutional lien.'"

The trial court denied Baxter's motion to dismiss under the TCPA and this appeal followed.

## DISMISSAL UNDER THE TCPA

In its sole issue on appeal, Baxter contends that the trial court erred in denying its motion to dismiss. Senior Care responds that Baxter's motion to dismiss was properly denied because Baxter moved to dismiss a claim that Senior Care's petition did not raise. Because we find Senior Care's responsive argument to be dispositive, we address it first.

### Applicable Law—TCPA

The TCPA "is a bulwark against retaliatory lawsuits meant to intimidate or silence citizens on matters of public concern." *Dall. Morning News, Inc. v. Hall*, 579 S.W.3d 370, 376 (Tex. 2019). It is intended "to identify and summarily dispose of lawsuits designed only to chill First Amendment rights, not to dismiss meritorious lawsuits." *In re Lipsky*, 460 S.W.3d 579, 589 (Tex. 2015).

A party invoking the TCPA's protections by filing a motion to dismiss must show by a preponderance of the evidence that the TCPA applies. *See* TEX. CIV. PRAC. & REM. CODE § 27.003; *see also id.* § 27.005(b). The applicable version of the TCPA mandates the dismissal of a "legal action" that is "based on, relates to, or is in

5

response to the [moving] party's exercise of (1) the right of free speech; (2) the right to petition; or (3) the right of association." *Id.* § 27.005(b); *In re Lipsky*, 460 S.W.3d at 586–87.

Once the movant shows that the TCPA applies, the burden shifts to the nonmovant to establish "by clear and specific evidence a prima facie case for each essential element" of its claim. TEX. CIV. PRAC. & REM. CODE § 27.005(c). The nonmovant can avoid this burden-shifting requirement by demonstrating that one of the TCPA's exceptions applies. *See id.* § 27.010(b).

### *Applicable Law—Liens*

Texas law provides both a statutory mechanic's lien and a constitutional mechanic's lien for a person who furnishes labor or materials for a building's construction or repair. TEX. CONST. art. XVI, § 37; TEX. PROP. CODE §§ 53.001(5), 53.021. To perfect the statutory lien, the person must comply with Texas Property Code Chapter 53, Subchapter C. TEX. PROP. CODE § 53.051. Subchapter C requires the person claiming the lien to file an affidavit with the county clerk. *Id.* § 53.052. This affidavit must contain certain information described in the chapter and must be filed within a specified time period after the property owner accrues the debt secured by the lien. *Id.* §§ 53.052–.054. The constitutional lien, on the other hand, is self-executing and thus arises automatically. *Dee's Cabinet Shop, Inc. v. Weber*, 562 S.W.2d 945, 947 (Tex. App.—Fort Worth 1978, no writ); *see also Tex. Wood Mill*

*Cabinets, Inc. v. Butter*, 117 S.W.3d 98, 105 (Tex. App.—Tyler 2003, no pet.) (op. on reh'g). Thus, recording the constitutional lien is not necessary to enforce the lien against the owner of the property who contracted for the work, although the lienholder may choose to record it, and the lienholder must comply with Chapter 53, Subchapter C, to make the constitutional lien enforceable against future purchasers of the property who would otherwise not have notice of it. *Tex. Wood Mill*, 117 S.W.3d at 105; *Dee's Cabinet Shop*, 562 S.W.2d at 947.

### *The Fort Worth Opinion*

The Fort Worth Court of Appeals has recently considered and decided a very similar case. *See Baxter Const. Co., LLC v. Senior Care Living VII, LLC*, No 02-19-00308-CV, 2020 WL 6165412 (Tex. App.—Fort Worth Oct. 22, 2020, no pet. h.) (mem. op.). Because it involves the same parties, the same sort of dispute over construction costs and liens filed, and virtually identical pleadings, we quote from the Fort Worth court's opinion at length.

> Under the applicable version of the TCPA, a defendant seeking the protection of the TCPA has the initial burden to establish the Act's applicability to the plaintiff's claims. Baxter's motion stated that "[b]y its lawsuit, S[enior Care] seeks to punish Baxter for rightfully protecting its interests as expressly *provided by the Texas Constitution.*" [Emphasis added.] It further stated that its lien affidavit "specifically claims a constitutional lien pursuant to Article 16, Section 37 of the Texas Constitution" and that "[f]or purposes of this Motion, Baxter *will not address any other basis* for a statutory mechanic's lien claim as may be available under Chapter 53 of the Texas Property Code." [Emphasis added.]

But Senior Care's claims attack only Baxter's perfection of a *statutory* lien and do not attack either the existence or validity of Baxter's constitutional lien against it. Baxter's motion thus seeks dismissal of claims that were not raised by Senior Care and does not seek dismissal of the claims that Senior Care actually raised. Because Baxter's motion asked the trial court to dismiss claims that did not exist in the suit, the trial court could not have abused its discretion by denying the motion.

Baxter addresses this point in its reply brief, arguing that "[t]here are not two recorded liens here. There is one recorded lien, filed by Baxter with the Denton County Clerk on March 5, 2019, with two expressly stated bases for the lien—the Texas Property Code and the Texas Constitution." It contends that Senior Care did seek removal of the constitutional lien because it could not sue to remove the statutory lien without also removing the constitutional lien and that "[t]here is nothing in Senior Care's live pleading that limits its claims to only a lien filed under the Property Code."

Baxter is correct that it made only one filing, but for two reasons, it is mistaken about the significance of that fact to this suit. First, Baxter did not record one lien; Baxter filed one *affidavit*, and in doing so recorded two separate liens, one statutory and one constitutional. Second, how the trial court may properly craft relief for Senior Care to remove the statutory lien but leave the constitutional lien—should Senior Care prevail—is not a question before this court and is not relevant to whether Baxter is entitled to dismissal of the claims actually brought by Senior Care.

*Id.* at *2–3 (internal citations omitted).

*Analysis*

The Fort Worth case is factually indistinguishable from the present case, and, while we acknowledge that it is not binding on this Court, we find its reasoning persuasive. In both cases, Baxter states that "for purposes of this Motion, Baxter will not address any other basis for a statutory Mechanic's lien claim as may be available

8

under Chapter 53 of the Texas Property Code." This, however, ignores the fact that the entire basis of Senior Care's petition is its claim that Baxter did not comply with the timeliness requirement for filing a statutory mechanic's lien under Chapter 53, and that Senior Care seeks a "judicial declaration that the Untimely Lien is ***void and of no effect*** because it was not filed within the time requirements of the Texas Property Code" and requests "removal of the Untimely Lien." (Emphasis added). Senior Care's petition *does not* seek any declaration about whether Baxter's constitutional lien is void and of no effect, and, in fact, it could not do so because the recording of a constitutional lien is not necessary to enforce the lien against the owner of the property who contracted for the work. *See Tex. Wood Mill*, 117 S.W.3d at 105; *see also Dee's Cabinet Shop*, 562 S.W.2d at 947. By attacking the *timeliness* of the filing of the lien and seeking to have it declared void, Senior Care necessarily attacks only the *validity* of a statutory lien. Because Baxter's motion to dismiss expressly states that it does not address the only issue raised by Senior Care, i.e., the validity of Baxter's statutory lien, the trial court properly denied Baxter's motion.

We overrule Baxter's sole issue on appeal.

## CONCLUSION

We affirm the trial court's interlocutory order denying Baxter's motion to dismiss under the TCPA.


Sherry Radack
Chief Justice

Panel consists of Chief Justice Radack and Justices Goodman and Farris.